**Sam RAINES and Clara Raines, Appellants,**

v.

**Albert DAVIS and Betty Davis, his wife, and Bob Lawson and Billie Lawson, his wife, Respondents.**

**No. 48743.**

Missouri Court of Appeals, Eastern District, Southern Division.

Aug. 27, 1985.

Guilfoil, Petzall & Shoemake, St. Louis, for appellants.

Mayhugh & Harris, Eric C. Harris, Flat River, for respondents.

CRIST, Judge.

Quiet title action.

The property in question is the north one-half of a one hundred foot wide railroad right-of-way used by the Missouri Pacific Railroad and then abandoned. The trial court found defendants Lawson had title to this strip. We affirm.

Plaintiffs Raines claim title to the strip by reason of a prior quiet title action. Lawsons own a twenty acre tract of land adjoining the strip in question on the north. Raines own adjoining land on the south.

On May 18, 1868, a railroad right-of-way was created on the strip in question in favor of St. Louis and Iron Mountain Railroad Company so long as used for railroad purposes.

On July 31, 1965, Raines acquired land on the south side of the railroad right-of-way and the west ten acres of the twenty acre tract later conveyed to Lawsons. On August 7, 1965, at a time when the Missouri Pacific Railroad was using the railroad right-of-way for railroad purposes, Raines filed a quiet title suit as to the land they had acquired on July 31, 1965. While St. Louis and Iron Mountain Railroad was a party, Missouri Pacific Railroad was not a party. St. Louis and Iron Mountain Railroad was served by publication.

On September 29, 1965, the trial court entered its decree in favor of Raines as to the land described in the petition. On October 25, 1965, the trial court amended his decree by including in the description the east ten acres of Lawsons' twenty acre tract which ten acres had been omitted from the petition. The court excepted from this description the Missouri Pacific Railroad right-of-way. On November 9, 1965, Raines acquired title to this east ten acre tract, subject to the Missouri Pacific Railroad right-of-way exception.

At this time, Raines owned all the land north and south of the one hundred foot strip in question. On February 17, 1973, Raines conveyed the twenty acre tract lying north of the strip to defendants Albert and Betty Davis.

The trial court found and the evidence shows Missouri Pacific Railroad during the fall of 1975, after Raines' conveyance to Davis, abandoned the one hundred foot strip in question. On October 6, 1979, after abandonment, Davis conveyed to defendants Lawson the twenty acre tract adjoining the one hundred foot strip. In addition, Davis conveyed the north one-half of this one hundred foot strip to defendants Lawson.

The seminal issue in this case is whether the first quiet title suit filed by Raines in 1965 vested title in Raines to the entire one hundred foot strip in question. Raines' first point relied on, "the trial court erred in its factual findings relative to the land subject of this lawsuit," violated Rule 84.-04(d). Furthermore, it has no merit.

Raines' second point relied on asserts the trial court erred in finding federal law preempted state law in the quiet title action. We note first the amended order of the trial court in the quiet title action specifically excepted the right-of-way of the Missouri Pacific Railroad. All the original quiet title suit resolved was St. Louis and Iron Mountain Railroad Company had no interest in the one hundred foot strip. At the time of the quiet title suit, Raines knew the strip was being used by Missouri Pacific Railroad for railroad purposes. The trial court found the railroad was abandoned in the fall of 1975, subsequent to the Interstate Commerce Commission's order of abandonment and after removal of its track. This abandonment was long after the February 17, 1973, conveyance from Raines to Davis (predecessors in title to Lawsons).

The original quiet title action was insufficient to vest title to the north one-half of the one hundred foot strip in Raines. The decree showed Missouri Pacific Railroad had an interest which was not divested.

Raines testified he knew the railroad was using the strip for railroad purposes. Upon abandonment by the railroad in 1975, the north one-half of the one hundred foot strip went to Davis since they were the owners at the time of the abandonment. *St. Louis County v. Delbet Investment Company,* 469 S.W.2d 951, 953 (Mo.App. 1971). Davis conveyed the interest to Lawsons. Since Davis, Lawsons and Missouri Pacific Railroad were not parties in the original quiet title suit by Raines, the judgment was not effective to vest title in Raines to the strip of land in question.

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.