CORDELIA P. AYER *vs.* JOHN PHILLIPS & others.

Somerset. Opinion January 7, 1879.

*Entry. Disclaimer. Abatement. Pleading. Easement.*

A plea of disclaimer, filed without leave of court, and after the time allowed for filing pleas in abatement, will not avail the tenant.

When the demandant, in a real action, has title in the premises in controversy, subject to an easement, the judgment will be for the land demanded subject to such easement.

EXCEPTIONS AND MOTION.

WRIT OF ENTRY, dated August 4, 1876, and returnable at the September term, 1876, for a strip of land six rods wide and about twenty-four rods long, covered by a location of the Somerset Railroad Company.

At the March term, A. D. 1878, the defendants filed a plea of *nul disseizin*, with two brief statements; the first claiming title in the said railroad, and setting out its location, and, in each, that the defendants were the servants and tenants of the railroad company, and were in possession of the demanded premises by its

authority, and clothed with all its rights, and that they disclaimed any other right, title or interest therein, not consistent with the rights of the company under the statute and its location.

The plaintiff put in deeds showing the fee in herself.

The defendants put in the location of the Somerset Railroad Company, dated November 27, 1875, from the office of the county commissioners.

John Ayer, president of the Somerset Railroad Company, called by the defendants, testified, subject to objection, that when the road was completed to North Anson Village, there was no public house or place of entertainment within a half mile of the depot; that he wanted a place of entertainment to stop at himself, and for other people, and more especially for the accommodation of the railroad; that he considered this a matter of great convenience, and, perhaps, of necessity; that he pointed out to the defendants where the house ought to be located, and they thereupon there located it; that it was built, without cellar, and rested upon posts, and not with company's money; that the company asked no rent, the house being for the use of the company.

The presiding justice ruled that, the action was maintainable, and directed the jury to find a verdict for the plaintiff; the jury thereupon returned that, " the defendants did disseize the plaintiff of the messuage with the appurtenances, as the plaintiff in his writ hath declared against them, and that the title to said land was in the plaintiff; " and the defendants alleged exceptions.

*J. Baker*, for the defendants.

The ground of the action is that the building erected, partly or mainly, on the premises sued for, and under the circumstances disclosed by the evidence, was for a purpose, or use, authorized by the charter of the railroad and the general laws of the state, and that the rulings of the presiding justice were erroneous; that even if the erection was not authorized, the verdict was bad as matter of form; that a judgment and execution, following the verdict, would dispossess the railroad and annul its legal location; that the verdict, judgment and execution should follow the rule in *Proprietors of Locks & Canals* v. *N. & L. Railroad Company*, 104 Mass. 1.

That, under the evidence, the building was personal property.

*A. H. Ware,* for the plaintiff.

APPLETON, C. J.   The demandant, by her deeds, shows a legal title to the premises demanded.   It is not pretended that the tenants have title to the fee.   Whatever rights they may have are under the location of the Somerset Railroad Company.

No disclaimer has been seasonably filed.   What was in the nature of a disclaimer was not filed within the time allowed for filing a disclaimer, nor has leave of court been granted to file it.   The general issue having been pleaded, and the title being in the demandant, she must recover.   *Chaplin* v. *Barker,* 53 Maine, 275.   *Colburn* v. *Grover,* 44 Maine, 47.

The Somerset Railroad Company, by its location over the premises demanded, obtained only an easement.   Undoubtedly, for any interference, the party aggrieved thereby may, in a proper action, recover appropriate damages.   The right of the demandant to recover is unquestioned, so far as relates to the land demanded ; but she is not entitled to have judgment and execution that would exclude the Somerset Railroad Company from complete possession and control of the premises for all purposes pertaining to the full exercise of its corporate franchises.

The tenants claim under the Somerset Railroad Company, and are in possession and occupancy under it, and have a right to all the protection its charter enables it to confer.   *Proprietors of Locks & Canals* v. *N. & L. Railroad Company,* 104 Mass. 1.

The plaintiff is entitled to a judgment which shall establish her right as owner of the fee.

The buildings, from the evidence, would seem to be personal property, and judgment should go only against the land.

*Exceptions overruled.*

DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.