THOMAS, *Appellant*, v. HUNT *et al.*

Division One, May 26, 1896.

1. **Ejectment:** OBSTRUCTION OF STREET: ABUTTING OWNERS. Property owners can maintain ejectment for the permanent obstruction of the surface of the street adjoining their property.

2. **City:** ADDITION: STREETS: TITLE OF ABUTTING OWNERS. Under Revised Statutes, 1855, page 1536, section 8, providing that the plats of additions to a city shall be a sufficient conveyance to vest the fee of such parcels of land as are therein intended for public use in the county in which the city is situate for the uses therein named, the grantees of lots abutting on streets designated in the plat will acquire the beneficial right in the land to the center of the street subject to the public easement.

Thomas v. Hunt.

3. ———: VACATION OF STREET: ADDITION: STATUTE. On the vacation of a street which was the boundary of the addition to the city, *held*, the title to the street under the statutes vested in the property owners on each side thereof to the center of the street. (Laws, 1866, p. 200; Laws, 1877, p. 186.)

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Frank Titus* for appellant.

(1) The title to land used for purposes of street or highway is in the adjacent proprietors. *Gaus Co. v. Railroad*, 113 Mo. 309; *Snoddy v. Bolen*, 122 Mo. 479; *Hannibal Co. v. Schaubacher*, 57 Mo. 582; *Thurston v. St. Joseph*, 51 Mo. 512; *Ferrenbach v. Turner*, 86 Mo. 419; *Peck v. Smith*, 1 Conn. 103; *Ford v. Railroad*, 14 Wis. 609; *Peck v. Denniston*, 121 Mass. 18; Angell on Highways [3 Ed.], secs. 313-315; 9 Am. and Eng. Encyclopedia of Law, 375; Elliott, Roads and S. 549. (2) And the action in form of ejectment will lie by lot owner against an occupant of abutting highway. *St. Louis v. Railroad*, 114 Mo. 13; *Gaus Co. v. Railroad*, 113 Mo. 309; *Cummings v. St. Louis*, 90 Mo. 264; *Pemberton v. Dooley*, 43 Mo. App. 176; *Railroad v. Rodel*, 89 Ind. 128; *Indianapolis v. Kingsbury*, 101 Ind. 211; *Carpenter v. Railroad*, 24 N. Y. 655; *Cohoes v. Co.*, 134 N. Y. 397; *Smeberg v. Cunningham*, 96 Mich. 378; *Earll v. Chicago*, 136 Ill. 277; Elliott on Roads, 536. (3) The dedication of land to public uses may be either statutory or a common law dedication. *Heitz v. St. Louis*, 110 Mo. 618; *Buschman v. St. Louis*, 121 Mo. 523; *Cohoes v. Del. Co.*, 134 N. Y. 397; *Bauman v. Boeckeler*, 119 Mo. 189. And until the street is actually opened and used, and the authority of the city exercised thereon, the city is not held to any public

accountability. *Hunter v. Weston*, 111 Mo. 177. (4) Nor until such exercise of power by city can it sue an obstructor of such street. *City v. Railroad*, 37 West Va. 106; *Commonwealth v. McNaugher*, 131 Pa. St. 55; *Jackson v. People*, 9 Mich. 111; *Bryans v. Almand*, 87 Ga. 564. (5) Nor is the legal status of highway impaired by failure of city to exercise authority thereon or to improve it. *St. Louis v. Railroad*, 114 Mo. 13. (6) The statute of limitation does not run against a public use; and no adverse claim or possession whatever of a highway can confer title. *St. Louis v. Railroad, supra;* sec. 6772, R. S. 1889; *Williams v. St. Louis*, 25 S. W. Rep. 561; Angell on Highways, sec. 324; *Commonwealth v. Morehead*, 118 Pa. St. 344. (7) Nor does nonuser constitute an abandonment of the public use. *Roanoke Co. v. Co.*, 108 Mo. 50. (8) The instruction given for defendants was more liberal than they were entitled to. (9) The jury found as a fact that defendants' alleged possession had not ripened into a title. With plaintiff's paper title she was entitled to a verdict as stated in instruction 5. *Bledsoe v. Sims*, 53 Mo. 305. (10) Plaintiff's and defendants' common source of title in Ranson and wife, and the evidence of Judge Cary was sufficient. *Finch v. Ullman*, 105 Mo. 255. (11) And the right of property is in issue and involved herein as well as the right of possession. *Chapman v. Dougherty*, 87 Mo. 617. (12) The fact of possession is admitted by a plea of general denial. *La Riviere v. La Riviere*, 77 Mo. 517; *Kerr v. Leighton*, 2 G. Green (Iowa), 196. (13) The judgment duly and properly protects all rights of the public that could be demanded were the city a party. *St. Louis v. Railroad*, 114 Mo. 13. The public right of passage is but an easement. *Snyder v. Warford*, 11 Mo. 513.

*John W. Snyder* for respondents.

(1)   On July 29, 1858, the dedication of the plat of Ranson & Tally's addition, vested the fee, as well as the easement, to the thirty feet, then called George street, and afterward Tracy avenue, in the county of Jackson. R. S. of 1855, sec. 8, p. 1536; G. S. of 1865, sec. 8, p. 248; *Hannibal v. Draper*, 15 Mo. 639; *Ragan v. McCoy*, 29 Mo. 366; *Reid v. Board*, 73 Mo. 304; *Glasgow v. St. Louis*, 87 Mo. 682; 15 Mo. App. 123. (2)   But if it did not so vest the fee it is manifest that the three platters of said addition kept the fee themselves. *Campbell v. City of Kansas*, 102 Mo. 339.   (3) But George street was properly vacated in strict conformity to legislative provisions.   Laws of 1866, page 200; Laws of 1877, page 186.   Even a town itself can be disincorporated, in the same way, by the same power, and without being summoned to its own funeral. Laws of 1866, sec. 30, p. 244.   (4)   If it was not vacated, still no suit in ejectment can be brought in Missouri, for "street property" by an adjoining property owner.   When, as here, the fee is in the city, the city brings the suit.   *Hannibal v. Draper*, 15 Mo. 639; *California v. Howard*, 78 Mo. 88; *Armstrong v. St. Louis*, 69 Mo. 309; *St Louis v. Railroad*, 114 Mo. 13. (5)   But if George street was properly vacated, by order of the county court, in 1878, as we contend, then plaintiff can not recover, for three reasons:   *First.* The thirty feet reverted to the owners of the property on the west side, or to the grantors of the Ranson & Tally plat.   *Second.*   If the east fifteen feet went to the owner of the unplatted lands on the east side of said thirty foot strip, the said fifteen feet were not put into Primrose Hill addition.   *Third.*   Plaintiff sued on theory that said thirty feet constitutes, even now,

a street, and can not recover on any other theory in this court.

MACFARLANE, J.—The action is ejectment to recover a strip of land fifteen feet wide and one hundred and twenty feet long, in Ranson and Tally's addition to Kansas City. The petition was in the usual form, and the answer was a general denial.

Ranson and Tally's addition was duly platted and the plat recorded in 1858. Tracy avenue was the eastern boundary of the addition and was marked on the plat as being thirty feet wide. In June, 1878, an order was made by the county court of Jackson county purporting to vacate said avenue. The land lying east of and adjoining Tracy avenue was known as land 16 and and was owned by the proprietors of the platted addition.

In 1880 land 16 was duly platted as Primrose Hill addition. This plat shows Tracy avenue, but no part of it is upon the land platted. Lot 1 of said addition, one hundred and twenty feet deep, north and south, abuts on the east side of Tracy avenue.

In 1886 an ordinance was passed by the council of the city of Kansas City entitled, "An ordinance to widen and establish Tracy avenue from Sixth street to Independence avenue." This ordinance purported to establish an avenue fifty feet wide, the east side of which corresponds with the west side of said lot 1, and to condemn land therefor.

Plaintiff is the owner of said lot 1, having acquired title thereto in 1889, and the land she sues to recover is a strip fifteen feet in width lying west of and adjoining her lot, and being the east part of the land heretofore designated as Tracy avenue.

Tracy avenue lies north and south between Sixth street on the south and Independence avenue on the

north.    The land in controversy is of that part of
Tracy avenue immediately south of Independence
avenue.    The last named avenue is graded and im-
proved, while the land in suit, or the top of it, is from
twenty-five to forty feet above the grade of Independ-
ence avenue, and is inaccessible from it, though from
Sixth street north it is graded nearly to the land in
dispute.

The evidence tends to prove that immediately after
the order of the county court vacating Tracy avenue
was made, defendants took possession of the land in
issue, fenced it and have continued to hold the actual
possession.    There was also evidence tending to prove
that defendants had not held possession for ten years
before the suit was commenced.    It is not disputed
that defendants occupied the land by buildings when
the suit was commenced, and that plaintiff's access
to the street was thereby cut off.

The question of defendants' right to a verdict by
reason of their adverse possession of the premises was
submitted to the jury upon instructions to which no
objection is now made.

Defendants asked an instruction to the effect that
upon the pleadings and evidence plaintiff could not
recover.    This the court refused.

The court gave a number of instructions asked by
defendants, upon which the case was submitted to the
jury, whose verdict was for plaintiff.

A motion for a new trial, assigning as grounds
therefor the ruling of the court in giving and refusing
instructions, was filed by defendants.    This motion
was sustained, upon the ground as stated by the court,
that "plaintiff had not shown any right to recover."

From the order granting a new trial plaintiff
appealed.

According to the opinion of the court, necessarily

implied from its ruling in granting a new trial, the instruction in the nature of a demurrer to the evidence should have been given. The question then is whether under the pleadings and evidence plaintiff established a right upon which he might recover.

I. It is contended by defendants in the first place that ejectment will not lie as a remedy to the owner of land abutting upon a public street for special injury caused by the permanent obstruction by a third person of the surface of the street adjacent to his property.

We find no case in this state in which the question as thus presented has been directly passed upon, and the decisions in the courts of other states are not in entire harmony. It is, however, well settled in this state that such an owner has rights to a highway peculiar to himself, and which are not possessed by the public generally, and for a violation of which he may maintain an action notwithstanding the wrong done also affects the public. *Cummings v. St. Louis*, 90 Mo. 264; *Gaus, etc., Co. v. Railroad*, 113 Mo. 315; *Rude v. St. Louis*, 93 Mo. 414.

One of the private rights of an abutting owner is that of free access to his premises from the street. Dillon says: "A person owning or in possession of premises abutting on a public highway or street, whose right of access to the same is unreasonably or unlawfully obstructed, may recover from the person causing such obstruction damages for the private injury he sustains where such damages are particular, direct, or substantial." Munic. Corp., sec. 730.

But the principles announced in these authorities do not answer the question. An action of ejectment is a possessory remedy, and a judgment therein for a plaintiff entitles him to the possession of the premises recovered. It is insisted, therefore, that the execution of such a judgment would, as to the public, be the

mere substitution of one wrongdoer for another. The leading authority in support of this position is *Cincinnati v. Lessee of White*, 6 Pet. 431, in which the right to a remedy by ejectment was denied on the ground that the plaintiff, by invoking that remedy, seeks to be put in actual possession of the land, and this would subject him to indictment for a nuisance, the private right of possession being in direct hostility with the easement or use to which the public are entitled, and taking possession subject to the easement being utterly impracticable. Sedg. & Wait., Trial of Title to Land, sec. 131.

Certain provisions of our statute on ejectment, such as the right of plaintiff to recover rents, and of a defendant to recover for improvements, appear to be also inconsistent with the rights and obligations of an abutting owner.

But it is the settled doctrine, both at common law, and in this state, that the owner of premises abutting on a public street is presumptively the owner of the fee to the center thereof, subject to the easement to which the land is devoted. *Snoddy v. Bolen*, 122 Mo. 483; *Grant v. Moon*, 128 Mo. 49, and cases cited in each.

The grantee of the easement is not the owner or occupant of the land over which the easement extends, but presumptively has a mere right of use for the purposes for which the grant was made. The owner has the right to the use of the land for all purposes not inconsistent with the grant. *Snoddy v. Bolen, supra; Gamble v. Pettijohn*, 116 Mo. 377. "The right to the fee and the right to an easement in the same estate are rights independent of each other, and may well subsist together when vested in different persons." Sedg. & Wait, Tr. Land Tit., sec. 132.

As these interests are independent each owner

should have all remedies necessary and appropriate for securing their enjoyment, and when permanent occupation is taken of the land, thus depriving the owner of his right to its qualified use, no remedy would be so adequate as that of ejectment. An action for the trespass might be maintained, but by that remedy damages for the injury could only be recovered, the cause of the wrong could not be abated or plaintiff restored to his right to the land. Repeated actions for damages would afford very inadequate redress.

It is true the owner could only recover the land subject to the easement, and should not be authorized by the judgment to continue a public nuisance in the street, but the extent of the recovery could be regulated by the judgment.

The character of the right would also determine the proper elements of damages. As the owner could not himself apply the land to uses inconsistent with the rights of the public, neither could he authorize others to do so, and, therefore, the rental value could not be recovered by way of damages.

Neither could defendants recover, under the name of improvements, for the value of obstructions placed in the streets, which constitute a public nuisance. The erection of such improvements could not be attended with the good faith which is necessary to entitle a defendant in ejectment to recover their value.

No good reason can be seen why ejectment should not lie, and that it does lie has been affirmed generally by the text writers and courts. Angell on Highways, sec. 320; Sedg. & Wait, *supra;* Elliott on Roads and Streets, 536; *Goodtitle v. Alker*, 1 Burr. 133; *Carpenter v. Railroad*, 24 N. Y. 655; *Smeberg v. Cunningham*, 96 Mich. 378; *Taylor v. Armstrong*, 24 Ark. 105; *Wright v. Carter*, 27 N. J. L. 76; *Ayer v. Phillips*, 69 Me. 50.

The recent case of *Snoddy v. Bolen, supra,* is a clear recognition of the right of the owner to a remedy by ejectment against a third person of premises which are subject to an easement.   That suit was ejectment to recover possession of the minerals beneath the surface of the street.   The right to the remedy was not questioned and a judgment for possession was affirmed. The remedy was thus approved, though there was no discussion of the point.  It is true that the rights asserted and the wrongs complained of in that case, and. the judgment demanded, could not affect or interfere with the public easement, but there is no difference in the principle involved in that case and this one.   The distinction lies in the character of the relief to be granted. The relief must be so qualified as not to cause an interference with the easement.

We are of the opinion that ejectment is a proper remedy.

II.   But it is claimed by defendants that inasmuch as Tracy avenue was the limit of Ranson and Tally's addition on' the east, the title to the entire street remained in the original proprietors of the adjacent lots, and their grantees, and the east half of the street did not pass by virtue of the plat to the owners of the land on the east side which now constitutes lot 1.

The conveyance of a lot or tract of land bordering on a street or road presumptively carries the title to the center of the road or street if the title of the grantor extends that far.   "The presumption is that the grantor did not intend to withhold any interest in the street or highway.   The presumption may be overcome," says Judge BLACK, "but it must be overcome by something stated in the deed, which shows clearly and distinctly an intention to withhold an interest in the street."   *Snoddy v. Bolen, supra,* at p. 488.

But it is held that if the street is the limit of the dedicator's title, a conveyance of an abutting lot will carry the fee in the street to the opposite boundary, thereof. *Snoddy v. Bolen, supra,* 485, and cases cited.

But the presumption only extends to common law dedications, to streets condemned for public uses, and to statutory dedications, where the quantity of interest is not prescribed. The presumption is founded on considerations of public policy in order to avoid controversies between owners of adjacent land, over property in which the public has an interest and may also become involved.

There can be no doubt that for the same considerations of policy it is entirely competent for the legislature to prescribe the legal effect of voluntary dedications of streets and to prescribe the quantity of interest in the streets the dedicator parts with as well as that taken by the public. Angell on Highways, sec. 308.

The statute in force when the plat was filed provided that such plats "shall be a sufficient conveyance to vest the fee of such parcels of land as are therein expressed, named, or intended, for public uses in the county in which such town, village, or addition, is situate, in trust and for the uses therein named, expressed or intended, and for no other use or purpose." R. S. 1855, sec. 8, p. 1536.

Under this statute it has been held that the fee passes from the owner by the dedication. *Hannibal v. Draper,* 15 Mo. 634; *Reid v. Board of Education,* 73 Mo. 304.

It has also been held that the fee held by the city was subject to the trusts contained therein or intended thereby, from which it could not be diverted. *Belcher, etc., Co. v. St. Louis, etc., Co.,* 82 Mo. 121; *Ferrenbach v. Turner,* 86 Mo. 419.

Considering the policy of the law, as before stated,

to be that the owners of property abutting on a street own the fee also to the center of the street, subject to the easement, it is clear to us that the statute was intended to effect the same purpose; that is, while the fee passed out of the dedicator and vested in the county, the public only secured an easement, and the abutting owners, respectively, the beneficial right in the land to the center of the street. This seems to be the view taken in the *Snoddy* case, *supra* (491), though what is there said may be considered only *dicta*.

We are therefore of the opinion that by the statutory dedication of Tracy avenue the fee to the land passed out of the dedicators, and the ownership, subject to the easement, vested in the abutting owners respectively to the center of the street.

III. What is said in the foregoing paragraph answers the contention that Tracy avenue was vacated by order of the county court.

But it may be said that the statute authorizing county courts to vacate streets expressly provided that "all title thereto shall vest in the persons owning the property on each side thereof in equal proportions, according to the length or breadth of such ground, as the same may border on such street." Acts, 1866, sec. 2, p. 201; Acts, 1877, p. 186.

So when the street was vacated the title to the east half of it vested in the owners of the land on that side. Such an adjustment of the title, in order to avoid further controversies, was required by the statute, subject to which only was the vacation authorized. The statute is founded upon the same principle of public policy as the rule which, under other circumstances, vests in the abutting owners respectively the title to the center of the street.

Upon the theory of the defense, then, that the street was vacated by order of the county court, plain-

tiff has title to the land sued for and is entitled to the possession.

IV.    But though the street may have been vacated it seems to have been reestablished by an ordinance of the common council of the city of Kansas City.    That ordinance provided for the assessment of damages for the property taken and for the assessment of benefits against the adjacent owners to pay the same.    If the damages were paid, and the proceedings became complete, then the land became a street and the easement over it vested in the city, and the ownership to the center of the street, subject to such easement, became vested in plaintiff as abutting owner.

In any event it seems to us that plaintiff made out a case upon which she is entitled to recover.

It may be proper to say that the entire proceedings either for the vacation of the street or for reestablishing it, are not before us and we express no opinion as to their sufficiency to accomplish the purposes intended. As plaintiff asserts her rights upon the theory that the land is a part of the street we have so treated it.    So also we have considered the claim of defendants on the theory that it was vacated.

Judgment reversed and cause remanded with directions to set aside the order granting a new trial and enter a proper judgment for plaintiff upon the verdict. All concur, except BARCLAY, J., who does not sit.