### Norris J. WAITE and Louisa Waite, Appellants,
### v.
### CITY OF ELDON, a Municipal Corporation, and Missouri Pacific Railroad Company, a corporation, Respondents.

### No. KCD 29227.

Missouri Court of Appeals,
Western District.

April 30, 1979.

Robert J. Quigley, Eldon, for appellants.

David A. Yarger, Woolsey & Yarger, Versailles, Kenneth L. Oswald, Eldon, for respondents.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Controversy over title to land upon abandonment of railroad, claimed by plaintiffs as adjacent landowners.

In 1881, a predecessor of the Missouri Pacific Railroad Company acquired a 100-foot right-of-way for the construction of a railroad over land located in the N W ¼ S W ¼ 34–42–15, Miller County, Missouri. A railroad was constructed and operated on the right-of-way. In June, 1930, Missouri Pacific acquired from Harvey and Franklin a strip of land containing 2.0 acres, more or less, immediately adjacent to its previously acquired right-of-way. This tract was 100 feet wide and 893.21 in length, measured along the northwesterly line of the established right-of-way.

In 1918, Vanosdoll acquired land adjacent to and bounded on the northwest by the southeast boundary of the Missouri Pacific 100-foot right-of-way. Vanosdoll conveyed an 80-foot strip bounded on the northwest by the southeast boundary of the Missouri Pacific right-of-way to the State of Missouri for right-of-way for U.S. Route 54.

Vanosdoll subdivided a portion of the property owned by him and in 1952, Norris Waite and Louisa Waite, husband and wife, acquired from Vanosdoll Lots 4, 5, 6 and 7 of Vanosdoll's Second Addition to the City of Eldon. Lots 5 and 6 were bounded on the northwest by the southeast right-of-way line of Route 54.

At sometime not clearly shown by the record here the City of Eldon acquired the land that lay to the northwest of the two-acre tract acquired by the Missouri Pacific in 1930.

In 1962, the Missouri Pacific abandoned its operations in the area in question and took up the track which had been laid on the original 100-foot right-of-way. In 1964, Missouri Pacific gave the City of Eldon a quitclaim deed which apparently included all or part of the land here in controversy. Missouri Pacific has disclaimed any interest in the land in question.

In 1972, the Waites filed this action, claiming ownership of 50 feet of the original 100-foot right-of-way which, but for the intervention of Route 54, would have adjoined their property lines as extended. They also claimed an additional 50 feet in that portion of the original right-of-way which lay adjacent to the 100-foot strip acquired by Missouri Pacific in 1930 and which would have been within the boundaries of the Waites property as extended.

Upon trial to the court, the claim of the Waites to 50 feet of the original right-of-way was upheld but the claim to the further 50 feet was denied. The Waites have appealed.

In this court, the position of the Waites is that their property adjoined railroad right-of-way which was 100 feet in width in part and 200 feet in part and that they were entitled to be adjudged the owners of one half of the abandoned right-of-way. They contend that the trial court erred in considering the originally acquired 100-foot right-of-way and the second 100-foot tract separately.

■ The city has not appealed and does not here assert the claim advanced by it in the trial court that the railroad was the owner in fee of the lands in question and that it acquired the interest of the railroad by quitclaim deed, a claim rejected by the trial court which expressly found that railroad acquired a fee in neither tract. However, it is clear that as to the land in dispute on this appeal, the railroad did acquire a fee. The 1930 deed from Harvey and Franklin to Missouri Pacific is unconditional. It recites a consideration of $400.00. Nowhere in the deed, except by reference in the description to the adjacent railroad property, is the word right-of-way to be found. In these circumstances, the deed

conveyed the fee, rather than an easement, *Powell v. St. Louis County*, 446 S.W.2d 819 (Mo.1969); *Coates & Hopkins Realty Co. v. Kansas City Terminal Railway Co.*, 328 Mo. 1118, 43 S.W.2d 817, 822[9] (Mo.banc 1931). Therefore arguments based upon the assumption that the 1930 deed gave the railroad only an easement are irrelevant and the trial court properly denied appellants an interest in the property.

■ Even accepting the correctness of the trial court's finding that an easement was granted in the 1930 deed would not aid appellants. The evidence is clear that the 1930 conveyance was taken wholly from Harvey and Franklin's property. "Where an easement only is received by a railroad company, the same rule should apply to the lands used for railroad purposes and later abandoned as applies to a public highway. * * * If a highway is taken wholly off one man's property and such highway is later vacated, the use of the land goes back to the original owner, or his grantees, freed from the public use or easement. It is in the absence of evidence to the contrary that the title to the fee is presumed to be in the abutting landowners and the title of each extends to the center of the way. This presumption may be rebutted by evidence to show that the entire way has been taken from the land of only one of the abutting owners." *Brown v. Weare*, 348 Mo. 135, 152 S.W.2d 649, 654[14–15] (1941).

Appellants argue that the acquisition of the 100-foot strip in 1930 cannot be viewed separately and that the rights of the parties must be adjudicated on the basis of a 200-foot right-of-way in that area which existed at the time that the appellants and the respondent acquired the abutting property. Appellants' rights as abutting landowners were acquired by way of conveyances by their predecessors in title. The 1918 conveyance to Vanosdoll carried with it the underlying fee to the center of the abutting railroad right-of-way or 50 feet. Vanosdoll's conveyance to appellants, insofar as the right-of-way was concerned, carried no more than Vanosdoll had received, i. e., the underlying fee to 50 feet of the right-of-way. The fact that the right-of-way was enlarged to 200 feet in part by an acquisition wholly from another landowner did not extend Vanosdoll's underlying fee and the fact that the broadened right-of-way was in existence in 1952 when appellants acquired the property could not confer on them any greater interest than was held by their grantor.

In the case of *Springs v. Cantrell*, 539 S.W.2d 318, 321[3] (Mo.App.1976), the court did speak of an *"existing* railroad right of way" adjacent to the contesting parties' lands at the time that each acquired his abutting property. However, the court was there distinguishing between acquisition with an existing railroad right-of-way and acquisition after the right-of-way had been abandoned. Nothing in the holding of that case supports the argument here advanced by appellants.

■ Appellants contend that the trial court erred in adjudging their interests "subject to existing roads." They contend that the status of roads on the property was outside the scope of the pleadings and that respondents were required, in order to place that question in issue, to plead as an affirmative defense the existence of easements for road purposes.

Appellants' petition alleged a portion of the land claimed by them had been used by the City of Eldon "as a public thoroughfare." The city's answer admitted that it was using a portion of the property "as a public thoroughfare." There was evidence, without objection, relating to the existence and maintenance of the streets for a period of at least more than 30 years.

Considering the nature of a suit to quiet title, the pleadings were sufficient to authorize the trial court to adjudicate the existence and status of roadways over the land in question. *Raymond v. Love*, 192 Mo.App. 396, 180 S.W. 1054, 1057–1058[2, 3] (1915).

Appellants contend that there is no basis for the trial court's adjudication that their interests are subject to "existing roads." The evidence did not show how such roads were established. However, it did show

that they had been in existence far beyond the period for acquisition by the public of an easement for road purposes. *Terry v. City of Independence*, 388 S.W.2d 769, 774–775[6–8] (Mo.1965).

■ Appellants assert that no easement by prescription may arise against them because their interest in the railroad right-of-way prior to its abandonment as such was a reversion in fee, and statutes of limitation did not begin to run against them until their right of possession ripened upon abandonment by the railroad. The appellants and their predecessors in title were the owners in fee to the center of the right-of-way, subject to the easement for railroad purposes. *Brown v. Weare*, 348 Mo. 135, 152 S.W.2d 649, 655[16] (1941). As such they had the right to maintain an action to prevent use of the property for purposes inconsistent with the easement which had been granted. *Thomas v. Hunt*, 134 Mo. 392, 35 S.W. 581, 582–583 (1896).

Judgment affirmed.

All concur.