ALKEN COMPANY, INC., Respondent,

v.

Zay & Guy NOWLIN and George Conley Miller, et al., Appellants.

No. WD 38204.

Missouri Court of Appeals,
Western District.

Oct. 14, 1986.

David V. Bear of Bear, Hines, Thomas, Bierkes & Stamper, Columbia, for appellants.

B. Daniel Simon of Brown, Willbrand and Simon, P.C., Columbia, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is a civil action to quiet title to real property. The circuit court entered summary judgment. The judgment is affirmed.

Appellant present a sole point, which states:

A Street (Ammonette) bisected Gordon's property, since he is the common source of title of both plaintiff and defendants the underlying fee would descend to subsequent abutting grantees to the center of the street.

At the outset, it is noted that the above point relied upon fails to comply with Rule 84.04(d) in that it fails to state concisely what actions or rulings of the court were in error and are to be reviewed. This appeal is subject to dismissal under the rule, but this court has nevertheless scrutinized appellants' argument in its attempt to ascertain appellants' complaint. Therefore, this court concludes that appellants charge the circuit court erred in finding that the land in dispute was contributed by a warranty deed from respondent's predecessor in title rather than by way of a dedication instrument executed jointly by respondent's predecessor in title and appellants' predecessor in title.

The present action was occasioned upon the vacating of a street (Ammonette Street) in the City of Columbia, Missouri by the City of Columbia on March 4, 1985. The circuit court properly declared that it had jurisdiction to hear and rule the matter pursuant to § 527.150, RSMo 1978. The

case was submitted upon a stipulation of facts, the most pertinent of which are disclosed, *infra,* and certain documents pertaining to the disputed parcel of land and adjoining tracts of land. There is no dispute between the parties as to the legal description of the property, nor is there any dispute as to the succession of title. The circuit court entertained motions for summary judgment. The circuit court entered exhaustive findings of fact and conclusions of law and entered summary judgment for respondents. This appeal followed.

Appellants hold title from their predecessors, Wellington and Laura Gordon. Respondent holds title from its predecessor, M.R. Conley. The following is a pertinent excerpt from the stipulation of facts submitted by the parties:

"Each of Plaintiff, and Defendants Zay Nowlin and Guy Nowlin, and the other Defendants herein, claim, or might claim or might be found to claim an interest in that strip of land located within that portion of Ammonette Street within the City of Columbia, Boone County, Missouri, bounded on the East by Charles Street and on the West by Business 63. At issue in these proceedings is title to such strip of land. Such portion of Ammonette Street may be referred to herein as 'Ammonette Street.' Defendants Zay Nowlin and Guy Nowlin may be referred to herein as 'Defendants Nowlin.' All of the other Defendants herein may be referred to as 'Conley's Heirs.'

"On April 3, 1875, Wellington Gordon ('Gordon') became the owner in fee simple of 144 acres, separate parts of which were subsequently subdivided into two separate subdivisions, as will hereinafter be described in more detail.

"Gordon, who was still the sole owner of the above mentioned land, and M.R. Conley ('Conley'), who at the time had no record titular interest in any of the land, joined in executing a plat which was dated May 8, 1901. Such plat was acknowledged by Gordon and Conley before M. Fleetwood Gordon, a notary public, on May 9, 1901, and it was filed for record on May 14, 1901. A fair and accurate copy of the plat (referred to herein as the 'Gordon-Conley Plat') is annexed hereto as Exhibit 1.

"The plat drawing which appears on Exhibit 1, shows the entire 144 acres owned by Gordon, as described above. However, the legal description of the tract of real estate described by metes and bounds in the plat included within the boundary lines thereof only a part of such 144 acres. Such legal description did not include the tract shown on the plat drawing as 'Wellington Gordon' [sometimes referred to herein as 'Gordon's Home Tract'], or the land contained within streets C, D and E, as shown on the plat drawing. The legal description also did not include the land within Clark Road and Paris Road, two existing roads shown on the plat drawing. Such Paris Road and such Clark Road, and seven new streets, lettered A, B, C, D, E, F, G and H were shown on the plat drawing. 'A' street, now Ammonette Street, bounded Gordon's Home Tract on the north. 'B' street, now Charles Street (but at one time 'Bowling Street') bounded Gordon's Home Tract on the east. 'C' street, now Gordon Street, bounded Gordon's Home Tract on the south. Of the streets shown on the plat drawing (i.e. existing Paris Road, existing Clark Road, and Streets A, B, C, D, E, F, G and H), only streets A, B, C, D and E were specifically dedicated to public use by the following language in the plat:

'The streets on said plat marked A, B, C, D and E are hereby dedicated to public use forever.'

"In addition, it was stated in the plat, immediately above the signature lines of Gordon and Conley as follows:

'In testimony whereof witness our hands and seals on this the 8th day of May, 1901, Wellington Gordon dedicates streets marked D and E, and M.R. Conley dedicates streets marked A, B, C.'

"The tract of land described in the plat by metes and bounds description had, as its west boundary line, the west line of Street B (now Charles Street, but formerly Bowling Street), and had, as a portion of its southern boundary line, the south bound-

ary line of Street A (Ammonette Street), and, therefore, included within its boundaries the land within Street A and Street B. The tract described by metes and bounds within the plat did not include within its boundaries any of Streets C, D and E.

"Neither the Boone County Court (see Exhibit 2), nor the City of Columbia took any action to signify acceptance of the dedication of the plat or the streets shown upon the plat. The platted property was outside the city limits, and was not annexed until March 14, 1914 (see Exhibit 3). Columbia was a third class city in 1901 (see Exhibit 4).

"On May 9, 1901, one day after the date of the Gordon-Conley Plat, and on the same day when Gordon and Conley's acknowledgements on the plat were taken by M. Fleetwood Gordon, notary public, and prior to the filing of the plat for record, Gordon and his wife, Laura Amonette Gordon, executed a warranty deed to Conley, describing all the land owned by Gordon, excepting Gordon's Home Tract. Such deed was acknowledged before M. Fleetwood Gordon, notary, on May 9, 1901, the same day when the plat was acknowledged before the same notary. A fair and accurate copy of such deed is annexed hereto as Exhibit 5. The metes and bounds description of the tract of land described in the deed from Gordon and his wife to Conley, described the same tract as was described by metes and bounds description in the Gordon-Conley Plat. The metes and bounds description of the tract described within the deed included within its perimeter all of the land owned by Gordon, with the exception of the 'Reserved Home tract' ['Gordon's Home Tract'], and Streets C, D and E, as shown on the plat drawing for the Gordon-Conley Plat. The legal description of the tract described by metes and bounds in the deed included within its perimeter all of the land within street B (now Charles Street and formerly Bowling Street) and Street A (now Ammonette Street). The west line of the real estate described by metes and bounds in the deed was the west line of Street B (now Charles Street and formerly Bowling Street). A part of the southerly

boundary line of the real estate described by metes and bounds in the deed was the south line of Street A (now Ammonette Street). The north boundary line of the real estate described by metes and bounds in the deed was the center line of Clark Lane, a previously existing street.

"The following language appeared in the above-described deed from Gordon to Conley, immediately following the metes and bounds description of the tract of land described in the deed, and prior to the words 'to have and to hold the same ...':

'... also a street 40 feet wide off the south end of my home tract leading from the southwest corner of the land herein conveyed west along the north line of the lands of Dr. A.W. McAlster to the north extension of Moss Street in the City of Columbia, Missouri. The lands herein conveyed have been platted and subdivided into lots and streets and it is mutually agreed and understood by both parties to this deed that the streets as shown on said plat and subdivision marked A., B., C., D., and E. are dedicated to public use as streets forever.'

"The street '40 feet wide off the south end of my home tract ...' referred to in the above quoted language would have been street 'C' (now Gordon Street), as shown on the plat drawing for the Gordon-Conley Plat.

"'A' street [i.e. Ammonette Street] divided the tract of land described by metes and bounds in both the Gordon-Conley Plat and the above-described deed, from Gordon's Home Tract; as the south line of that tract of land described by metes and bounds in both the plat and the deed was the south line of such street 'A'.

"The deed from Gordon to Conley was filed of record on May 10, 1901. The plat executed by Gordon and Conley, and dated May 8, 1901, as hereinabove described, and acknowledged by Gordon and Conley on May 9, 1901, as hereinabove described, was filed of record May 14, 1901.

"On March 7, 1907 Gordon and his wife conveyed all of the Gordon Home Tract by

warranty deed to J.N. Fellows. A fair and accurate copy of such deed is attached hereto as Exhibit 6. The legal description of the tract of land described in such warranty deed calls for the north line of Gordon Street (Street C shown on the plat drawing for the Gordon-Conley Plat) as the south boundary; the west line of Bowling Street (Street 'B' as shown on the Gordon-Conley plat drawing) as the east boundary, and the south line of Ammonette Street (Street 'A' as shown on the Gordon-Conley plat drawing) as the north boundary line, and the east line of Paris Road, as the west boundary. Thus none of the land within any of the streets was included within the perimeters of the land described by metes and bounds in the deed from Gordon to Fellows. The property conveyed to Fellows was later platted by Fellows as 'Call Addition.' A fair and accurate copy of the plat of Call Addition is attached hereto as Exhibit 7. The plat of Call Addition was executed June 1, 1909, and was duly approved and accepted by ordinance of the City of Columbia, and was filed of record June 30, 1909.

"A portion of Ammonette Street, between Charles Street (formerly known as Bowling Street, and being Street 'B', as shown on the Gordon-Conley plat) on the east, and 'Old Highway 63', on the west was vacated by the City of Columbia, by ordinance on March 4, 1985, a fair and accurate copy of which is annexed hereto as Exhibit 8.

"In December, 1963, Plaintiff acquired title to Lots 7 and 8 of Gordon and Conley's Subdivision, and now owns such lots. In 1944, Defendant Zay Nowlin acquired title to Lots 43 and 44 in Call Addition, and now owns such lots. The said properties of Plaintiff and Defendant Zay Nowlin abut the vacated portion of Ammonette Street, with Plaintiff's property being on the north side of Ammonette Street and Defendant Zay Nowlin's property being on the south side of Ammonette Street. In the deeds conveying to each of Plaintiff and Defendant Zay Nowlin their said properties, such properties are described by lot numbers. Such properties had been similarly described in all means conveyances, from the dedication of the original subdivisions, to the conveyances to Plaintiff and Defendant Zay Nowlin. In addition, Plaintiff owns all property on the south side of the vacated portion of Ammonette Street, with the exception of Defendant Zay Nowlin's real estate described above.

"Plaintiff claims the entire vacated portion of Ammonette Street. Defendant Zay Nowlin claims title to that portion of the south half of Ammonette Street, to the center line of Ammonette Street, which is opposite her abutting property. There is, therefore, a dispute between Plaintiff and Defendants Nowlin as to the title to the south half (to the center line) of that portion of Ammonette Street which abuts upon the real estate of Defendant Zay Nowlin, as described above.

"Since all conveyances to Plaintiff, and its predecessors in title, and all conveyances to Defendant Zay Nowlin and her predecessors in title, referred to lot numbers, with reference to the respective plats of Gordon and Conley's Plat and Call Addition, and since none of such conveyances explicitly included therein any of the real estate located within Ammonette Street, the other Defendants herein (i.e. Conley's heirs) are joined by Plaintiff as defendants for purposes of seeking to establish that Conley's Heirs have no right or title to any portion of the land located within Ammonette Street."

In simple format, appellants' argument can be stated that they claim ownership of the disputed parcel of land (i.e., the width of the former Ammonette Street) to the center of that parcel as abutting property owners. They premise this claim upon their assertion that this parcel was contributed for use as a public street by way of a dedication plat executed jointly by M.R. Conley and Wellington Gordon.[1]

The particular events and their chronology are as follows:

---

1. The legal description within this plat did not include the Gordon "Home Tract" or the area with streets designated C, D, and E referred to *infra.*

On May 8, 1901, the Gordons were owners of 144 acres of land. On this same date, Wellington Gordon and M.R. Conley (Conley had no ownership in the land) executed a dedication plat of the Gordon and Conley Subdivision. Appellants note and concede that Conley had no ownership in the land and that his signature as a dedicator at that point was not even necessary. On May 9, 1901, Wellington Gordon and Laura Gordon, by warranty deed, transferred the entire tract of land, including the now-disputed parcel (later to be named Ammonette Street) to M.R. Conley, but the Gordons expressly reserved a portion thereof which was referred to as the "Reserved Home Tract." The deed prescribed the applicable measurements and description of the properties, including the "Home Tract." The disputed tract, hereinafter referred to as Ammonette Street, was shown on the plat as lots 4 through 8, which are presently owned by respondent, and abutted the street on the north, and the "Home Tract", now owned by appellants, abutted the street on the south for a distance of 940.5 feet.

The deed referred to above transferred to Conley the entire subdivision, including the now disputed parcel of land and a street forty-feet wide south of the "Home Tract".

Also, on May 9, 1901, the dedication plat was acknowledged before a notary. On May 10, 1901, the warranty deed was recorded. On May 14, 1901, the dedication plat was filed of record.

It is undisputed that within the dedication plat the street designated A street did become Ammonette Street and is the now-disputed parcel. It is undisputed that the dedication plat declared that Conley dedicated the streets "A, B, and C" and that Gordon dedicated the streets "D and E".

Appellants point out that after the execution of the plat and deed, Gordon retained land adjoining Ammonette Street on the south. They also point out that the Gordon deed contained no language which stated any intent by Gordon not to retain the fee to the center of Ammonette. Thus, appellants argue that a deed which conveys land adjoining a public street conveys the land to the center of the street unless there is an expressed reservation or evidence to the contrary.[2] Appellants cite to *Snoddy v. Bolen,* 122 Mo. 479, 24 S.W. 142 (1893), *Thomas v. Hunt,* 134 Mo. 392, 35 S.W. 581 (1896), and § 71.250, RSMo 1978. Appellants further assert that when a dedication occurs, the ownership of the underlying fee remains in or with the owner/dedicator of the property from whom the street was acquired. Further, appellants assert that the underlying fee reverts to the adjacent property owners in proportion as to the land taken from them. For these further proposals, appellants cite to *Neil v. Independent Realty Co.,* 317 Mo. 1235, 298 S.W. 363 (1927), and § 88.673, RSMo 1978. To further bolster their position, appellants point out that conveyance of property adjoining an existing street without mention of the street in the deed "carries to the grantee the fee simple title to the center of the street (as to the far side if the original grantor contributed all of the street to public use)", and they cite to *Prewitt v. Whittaker,* 432 S.W.2d 240, 243 (Mo.1968). They also mention the presumption that a grantor did not intend to withhold any interest in the street as referred to in *Snoddy, supra.*

Appellants concede there is no Missouri authority upon the precise set of facts as are presented herein and indeed, this court has not found any. Appellants then contend that it is reasonable to assume that since Gordon and Conley joined in the dedication of the subdivision, which included Ammonette Street, Conley would be held to know that the fee to the south half of Ammonette Street became attached to Gor-

---

**2.** *Snoddy v. Bolen,* 122 Mo. 479, 24 S.W. 142 (1893) cited by appellants was a case ruled in Division No. 1, Missouri Supreme Court on December 11, 1893. That decision was taken up by the Missouri Supreme Court en banc and a different result reached. The opinion in *Snoddy* 24 S.W. 142 was filed as a dissent. *See Snoddy v. Bolen,* 25 S.W. 932 (Mo.1894), a reversal of the earlier *Snoddy* decision.

don's land on the south. Appellants urge the presumption expressed in *Snoddy* should apply.

Appellants further contend that Ammonette Street was not contributed from the south edge of the land conveyed to Conley by deed because that deed prescribed the south boundary of Ammonette Street as the boundary of the land conveyed in the deed. Thus, appellants claim that Ammonette Street was contributed from *"within Gordon's land by the dedication instrument"* executed prior to the deed from the Gordons to Conley. Appellants conclude that one-half of Ammonette Street passed to them as successors in title.

In contrast, respondent argues that its predecessor in title (Conley) acquired by deed the title to all the property described in the deed by specific metes and bounds expressed in the deed. There is no dispute that Ammonette Street lies within the prescribed metes and bounds within the deed. Respondent then concludes that Conley, upon acquiring what is now the disputed tract (i.e., Ammonette Street) by deed either dedicated said street by the plat or acquired the disputed tract subject to an easement for the street. Respondent notes that the facts are undisputed and respondent urges that the actions of Gordon and Conley clearly reveal that title to all the land was conveyed to Conley by and through the deed from Gordon.

As was noted previously, the circuit court entered thorough and exhaustive findings of fact and conclusions of law. Attention is now directed to those findings and conclusions which are dispositive of this appeal.

The circuit court entered the following findings:

"12. As indicated above, on the date of the Gordon-Conley Plat, May 8, 1901, Gordon was the sole record owner of all of Gordon's Land, including that tract of land described by metes and bounds description in, and subdivided into lots and streets by, the Gordon-Conley Plat. However, such plat was not acknowledged by Gordon and Conley until May 9, 1901, upon which date it was acknowledged before M. Fleetwood Gordon, a notary public. On that same date, May 9, 1901, Gordon and his wife conveyed to Conley, by a warranty deed dated May 9, 1901 [Exhibit 5 to the Stipulated Statement of facts] that portion of Gordon's Land which was described by metes and bounds description in, and was subdivided into lots and streets by the Gordon-Conley Plat. In other words, on May 9, 1901, Gordon and Conley acknowledged before M. Fleetwood Gordon, a notary public, the Gordon-Conley Plat, which described, by metes and bounds description a tract of land (included within Gordon's Land), and which subdivided that tract of land into streets and lots. On that same date, Gordon and his wife executed and delivered to Conley a warranty deed for such tract of land. [Exhibit 5 to the Stipulated Statements of Facts.] Such warranty deed was acknowledged before the same notary public, M. Fleetwood Gordon, on May 9, 1901, the same date upon which the Gordon-Conley Plat was acknowledged.

"13. The tract of land described by metes and bounds description in the deed from Gordon to Conley (i.e., the warranty deed of May 9, 1901 hereinabove described, and attached to the Stipulated Statement of facts as Exhibit 5), described a tract of land, which was the same tract of land described by metes and bounds description in, and subdivided into lots and streets by, the Gordon-Conley Plat. Such tract of land had, as its north boundary line, the center line of Clark Lane, an existing public street, and had, as a part of its west boundary line, the west line of Street B (Charles Street/Bowling Street), as shown on the Gordon-Conley Plat, and had, as a part of its south boundary line, Street A (Ammonette Street), as shown on the Gordon-Conley Plat. The metes and bounds description of the tract described within the deed included within its perimeter all of the land located within Street B (Charles Street/Bowling Street), and Street A (Ammonette Street).

"14. By the deed from Gordon to Conley, Gordon retained, from Gordon's Land, Gor-

don's Home Tract. The legal description in the deed from Gordon to Conley also did not include within its perimeter any of the land located within any of Streets 'C', 'D' and 'E', as shown on the plat drawing for the Gordon-Conley Plat. However, the deed, immediately following the metes and bounds description of the tract of land described in the deed, and prior to the words 'to have and to hold the same ...', contained the following language:

'... also a street 40 feet wide off the south end of my home tract leading from the southwest corner of the land herein conveyed west along the north line of the lands of Dr. A.W. McCallister to the north extension of Moss Street in the City of Columbia, Missouri. The lands herein conveyed have been platted and subdivided into lots and streets and it is mutually agreed and understood by both parties to this deed that the streets as shown on said plat and subdivision marked A., B., C., D., and E. are dedicated to public use as streets forever.'

"The street '40 feet wide off the south end of my home tract ...' referred to in the above quoted language would have been street 'C' (now Gordon Street), which formed the south boundary line of Gordon's Home Tract, as shown on the Gordon-Conley Plat.

"15. Therefore, by the deed from Gordon to Conley, Gordon conveyed to Conley a tract of land, which included within its boundaries (i.e. the perimeter of the tract of land described by metes and bounds description in the deed) all of the land contained within each of Streets A, B, F, G and H, as shown on the Gordon-Conley Plat. Therefore, all of the land located within Ammonette Street was included within the tract of land described by metes and bounds description in the deed from Gordon to Conley. The land within Ammonette Street would, therefore, have been included within the land conveyed by Gordon to Conley by the deed from Gordon to Conley of May 9, 1901. In addition to the tract of land conveyed by Gordon to Conley by the deed of May 9, 1901, Gordon also conveyed to Conley a street over Street C (Gordon Street), as shown by the Gordon-Conley Plat.

"16. The south boundary line of Ammonette Street would have divided Gordon's Home Tract (which was reserved to Gordon by Gordon's deed to Conley of May 9, 1901), from the tract conveyed by Gordon to Conley by the deed from Gordon to Conley. The land conveyed by such deed was the same tract described by metes and bounds in, and subdivided into lots and streets by, the Gordon-Conley Plat. The south boundary line of Ammonette Street was the north boundary line of Gordon's Home Tract. The south boundary line of Ammonette Street was the south boundary line of the tract conveyed by Gordon to Conley by the deed from Gordon to Conley of May 9, 1901.

"17. On May 8, 1901, the date appearing on the Gordon-Conley Plat, Gordon owned all of the land described in, and described on the Gordon-Conley Plat. However, on May 9, 1901, the date of the acknowledgment of the Gordon-Conley Plat, Gordon conveyed to Conley by the deed from Gordon to Conley that land described by metes and bounds in, and subdivided into lots and streets by, the Gordon-Conley Plat. Such deed was filed for record in the real estate records of Boone County, Missouri on May 10, 1901. On May 14, 1901 the Gordon-Conley Plat was filed for record in such real estate records. Therefore, on the date of recording of the plat, Conley was the record owner of the real estate described by metes and bounds in, and subdivided into streets and lots by, the Gordon-Conley Plat; whereas Gordon retained ownership of Gordon's Home Tract (shown on the plat drawing as 'Wellington Gordon') shown on the Gordon-Conley Plat, and Streets C, D and E, shown by such plat.

"18. The plat, which was recorded May 14, 1901, contained the following recital immediately above the signature lines of Gordon and Conley:

'In testimony whereof witness our hands and seals on this 8th day of May, 1901, Wellington Gordon dedicates

streets marked D and E, and M.R. Conley dedicates streets marked A, B, C.'

"19. Therefore, the plat contained a recital indicating that Conley, who prior to the date of recording of the plat had acquired from Gordon by deed title to a tract of land containing streets A and B, and also a street over Street C, dedicated Streets A, B, and C, whereas Gordon, who retained title to the tract of land containing Streets D and E, dedicated Streets D and E.

"20. The recital in the plat, which indicated that Gordon dedicated Streets D and E, and that Conley dedicated Streets A, B and C, was consistent with the record status of the titular interest in the real estate within such streets, as of the date of recording of the plat, because Conley had previously acquired from Gordon title to a tract of land containing Streets A and B (and all of the real estate within Streets A and B) and a street over Street C."

The trial court then entered the following pertinent conclusions of law:

The Court, therefore, finds and concludes as follows:

1. That M.R. Conley acquired from Wellington Gordon, by the clear, unambiguous and specific metes and bounds description in the May 9, 1901 deed from Gordon and his wife to Conley, *all* of the real estate contained within the boundary lines of the tract of land described by metes and bounds in, and subdivided by Gordon-Conley's Plat, including all of the real estate included within the boundary lines of the streets designated as Street A (now Ammonette Street) and Street B (now Charles Street), together with the rights to a street over Street C as shown by such plat (now Gordon Street);

2. That M.R. Conley, Plaintiff's predecessor in title, by virtue of the clear, unambiguous and specific provisions of the deed from Gordon to Conley, acquired all of the real estate within the Gordon-Conley Plat, including the real estate located within the boundary lines of Ammonette Street, subject, however, to the dedication of Ammonette Street to public use;

3. That, although on the date Gordon and Conley purportedly signed the Gordon-Conley Plat (May 8, 1901), Gordon owned all of the real estate described by such plat, on the date the plat was acknowledged by Gordon and Conley, May 9, 1901, Conley had acquired from Gordon title to the tract of real estate subdivided into streets and lots by the Gordon-Conley Plat, including the land within Streets A and B; such title to such land having been acquired by the deed from Gordon to Conley of May 9, 1901, which was acknowledged before the same notary public who took the acknowledgements on the plat, on the same date (May 9, 1901), when the Gordon-Conley Plat was acknowledged by Gordon and Conley;

4. That, on the date when the Gordon-Conley Plat was recorded, May 14, 1901, Conley was the titular owner of record of all of the real estate subdivided into streets and lots by the Gordon-Conley Plat [including Street A (Ammonette Street), and Street B (Charles Street)]; Conley having acquired title to such land from Gordon by virtue of the deed from Gordon to Conley of May 9, 1901, which such deed was recorded on May 10, 1901, prior to the recording of the plat;

5. That, on the date of the recording of the plat, Conley was the titular owner to the real estate subdivided into lots and streets by the plat, and had acquired rights to a street over Street C, as shown by the plat, by virtue of the deed from Gordon to Conley of May 9, 1901;

6. That the plat, therefore, correctly recited that Conley dedicated Streets A, B and C, and that Gordon, who had retained title to the Gordon Home Tract and Streets D and E, dedicated Streets D and E;

7. That the entire tract of real estate which was the subject matter of the Gordon-Conley Plat was conveyed to M.R. Conley, with full covenants of warranty, by that deed dated May 9, 1901 from Gordon to Conley and that, therefore, as of May 9, 1901, M.R. Conley owned fee

simple title to all of the real estate subdivided by the Gordon-Conley Plat, including the real estate contained within Ammonette Street;

8. That Plaintiff's predecessor in title, M.R. Conley, therefore, owned all of the real estate within Ammonette Street, and that Plaintiff has acquired title to all of the real estate within Ammonette Street by virtue of its acquisition of Lots 7 and 8 of the Gordon-Conley Plat ("Plaintiff's Real Estate");

■ This court rules that the above finding of facts were supported by substantial evidence. This court also rules that the conclusions of law thus entered correctly declare the law applicable to the facts of record.

■ It should be noted that the circuit court further concluded that the parol evidence rule would bar any further evidence by the parties bearing upon the conveyance from Gordon to Conley because appellants and respondent herein are parties within the meaning of the parol evidence rule as successors in title from Gordon and Conley. The circuit court relied upon the rules announced in *Commerce Trust Co. v. Watts*, 360 Mo. 971, 231 S.W.2d 817, 820 (1950), and *Warriner v. Nugent*, 362 Mo. 233, 240 S.W.2d 941, 944 (1951). The conclusion reached by the circuit court was in all respects accurate and correct. Lest there be any question as to the application of the parol evidence rule being applicable to deeds, this court agrees with the circuit court's conclusion that it does apply under the ruling in *Cravens v. Jolly*, 623 S.W.2d 569 (Mo.App.1981).

■ Further, this court rules that the parol evidence rule applies to the parties herein as successors in title as it would have as to the original parties Gordon and Conley. *See* 30 Am.Jur.2d *Evidence* § 1029.

■ While appellants suggest ambiguity in the language of the deed, a review of the deed discloses no ambiguity. Thus, no evidence which could vary the terms of the deed is admissible, *Cravens, supra.*

The circuit court was correct in its conclusion that the evidence does not support the claim of appellants. That evidence, being clear and decisive, leaves no genuine issue of material fact and summary judgment was therefore proper.

The one remaining issue which the circuit court considered and ruled was the effect of the vacation of Ammonette Street by the City of Columbia, Missouri, relative to the ownership rights, in the disputed parcel of land, of respondent herein. The circuit court found that Ammonette Street was merely an easement and the vacation of that easement by the City did not pass title. From this, the circuit court held that the title to the parcel remained in the original owner, in this case, Conley. The circuit court then held that respondent held title thereto as successor in title to Conley. In support of these conclusions, the circuit court relied upon *Roy F. Stamm Electric Co. v. Hamilton-Brown Shoe Co.*, 350 Mo. 1178, 171 S.W.2d 580 (Mo. banc 1943); *Neil, supra; St. Louis County v. Delbet Investment Co.*, 469 S.W.2d 951 (Mo.App. 1971); and *Prewitt, supra.*

■ This court not only agrees with the ruling by the circuit court as to the ownership of the parcel in respondent upon the vacation of Ammonette Street, but affirms that ruling and reaffirms the authority upon which the circuit court ruling was entered.

For and upon the foregoing reasons, the judgment of the circuit court is in all respects affirmed.

All concur.