**Bernard W. STANFIELD, Plaintiff/Respondent,**

v.

**Glenn GROVE, Defendant/Appellant.**

No. 68305.

Missouri Court of Appeals, Eastern District, Division Four.

June 28, 1996.

**612**

James F. McMullin, St. Louis, for Appellant.

Martin & Malec, James M. Martin, St. Louis, for Respondent.

PUDLOWSKI, Presiding Judge.

Appellant Glenn Grove contests the trial court's order awarding respondent Bernard Stanfield, Sr. $ 8,000 in damages for conversion. We reverse the trial court and vacate the judgment for respondent.

Appellant and respondent entered into an arrangement in July, 1986, wherein appellant was to receive a 1936 Pontiac from respondent in exchange for the performance of reupholstery work on respondent's 1953 Cadillac. Upon formation of this agreement, appellant took possession of the '36 Pontiac, though he did not receive the title to the car. However, respondent never reupholstered the '53 Cadillac, apparently because appellant failed to complete some wood work on that machine which was a necessary predicate to appellant's performance. In 1991, some five years after appellant had taken delivery of the Pontiac, appellant paid respondent $1,000 and respondent assigned the certificate of title to appellant. Although the title document provided space for the transferor to list any liens it wished to place on the automobile, respondent left this space blank. The title certificate, duly notarized and signed by respondent, recited that the Pontiac was thereby sold to appellant for $1,000. No other terms of sale are mentioned in the title document, nor are any incorporated by reference.

In 1994, respondent filed a petition featuring legal claims of conversion and breach of contract and an equitable claim for replevin. The petition alleged that the parties had entered a contract for sale of the Pontiac for $9,000, that the $1,000 which appellant had paid respondent in 1991, was merely for the title to the car and not for the car itself, and that, therefore, appellant was indebted to respondent for the balance. The cause was called and heard in the Associate Circuit Court for the City of St. Louis, and after a one day bench trial, the trial court entered judgment in favor of respondent for $8,000; no findings of fact or conclusions of law were prepared by the trial court. Appellant timely filed a motion for new trial, which was denied, and thereafter appealed to this court.

■ Where a trial court enters judgment without preparing findings of fact or conclu- sions of law, this court will credit the facts favorable to the judgment and will affirm such judgment if it is supportable under any legal theory. *Braeshire Condominium Board of Managers v. Brinkmeyer,* 841 S.W.2d 217, 219 (Mo.App. E.D.1992). We examine both the evidence and the trial court's order with this precept in mind.

In light of comments made by the trial judge during the trial of this case, it appears that he regarded an oral agreement (as enun- ciated in respondent's trial testimony) as the controlling legal arrangement between the parties. It was undisputed at trial that the original agreement contemplated the ex- change of the Pontiac for re-upholstery ser- vices. Likewise, neither party challenged the proposition that at some point they agreed that appellant would pay a cash sum for the vehicle rather than provide his ser- vices. The amount which appellant was to pay respondent for the Pontiac thus became the central trial issue, and, crediting the testimony of respondent and his witnesses, the trial court found that this oral contractual novation called for a purchase price of $9,000.00.

■ We find that any such oral contract violated the Statute of Frauds provision of § 400.2–201 (RSMo.1994), and thus, that the trial court's judgment was erroneous to the extent it was premised on such a contract. Section 400.2–201(1) renders unenforceable any oral contract for the sale of goods for more than five hundred dollars. While the parties take wildly different views as to the value of the Pontiac at the time appellant took possession of it, they at least agree the car was worth more than $500.00.

■ It is true, as respondent might have mentioned had he thought of it, that where one party to an oral contract within § 400.2–201 has fully performed under the contract, the contract is rescued from the statute and becomes enforceable. Section 400.2–201(3)(c); *Ellis Gray Milling Co. v. Sheppard,* 215 S.W.2d 57 (Mo.App.1948); *Alonzo v. Laubert,* 418 S.W.2d 94 (Mo.1967); *Koman v. Morrissey,* 517 S.W.2d 929, 935–36 (Mo.1974). However, where the party seek-

ing to avail itself of this exception has per- formed by delivering goods to the other con- tractual party, the exception only applies if the performing party completely and entirely relinquishes dominion and control over the goods. *Johnson v. Bybee,* 16 S.W.2d 602 (Mo.App.1929). Here, as mentioned, respon- dent retained the certificate of title to the Pontiac long after the supposed oral contract was formed, and as such, he retained suffi- cient dominion to preclude eligibility for the "performance" exception of § 400.2– 201(3)(c). Thus, a purely oral contract can- not provide a valid basis for the trial court's judgment.

■ The other possible explanation for the trial court's decision is that it viewed the certificate of title as the operative contract, but also found this document ambiguous or incomplete so that parol evidence was admis- sible to supplement its terms. This reason- ing is also defective. The title document is a legally sufficient contractual instrument, in that it names the parties thereto, recites the terms of each party's performance in clear language, and is signed by the party who challenges its facial meaning. *Crawford v. Smith,* 470 S.W.2d 529 (Mo.1971). Moreover, it contains a space for the inclusion of liens (i.e., amounts which remain owing on the sale price), and respondent left this space blank. Finally, respondent neither alleged nor ad- duced proof of fraud, mistake, duress, mental incapacity or unjust enrichment, so that none of the exceptions which might have made parol evidence admissible are present. *See Sullivan v. U.S.,* 363 F.2d 724 (8th Cir. 1966); *State Bank of Fisk v. Omega Electronics, Inc.,* 634 S.W.2d 234 (Mo.App. S.D.1982); *Maize v. Maize,* 652 S.W.2d 751 (Mo.App. E.D.1983); *Alken Company, Inc. v. Nowlin,* 718 S.W.2d 623 (Mo.App. W.D.1986). We, therefore, find that the trial court erred in admitting parol evidence claimed by respon- dent as relevant to the terms of the "title document" contract, over appellant's objec- tion.

■ Under the circumstances of this case, we hold that the title certificate constitutes an accord which resolves the dispute between the parties as to the amount appellant owed

respondent for the Pontiac. Appellant's payment of $1,000 to respondent, as provided in the certificate, was satisfaction of the accord, fully discharging appellant's obligation to respondent. *See Ayers Plastics Co., Inc. v. Packaging Products Corp.*, 597 S.W.2d 177 (Mo.App. W.D.1979).

The judgment of the trial court is reversed and judgment is hereby entered for appellant.

SIMON and HOFF, JJ., concur.