D. F. PITTS and Mattie Pitts, His Wife,
Appellants,

v.

William PITTS and Ethel Pitts, His Wife,
et al., Respondents.

No. 50464.

Supreme Court of Missouri,

Division No. 1.

Jan. 11, 1965.

Sharp & Hatley, by William B. Sharp,
Malden, for appellants.

Riddle, O'Herin & Newberry, Malden, for defendants-respondents.

WELBORN, Commissioner.

Plaintiff below has appealed from an adverse judgment of the circuit court in her action to quiet title to 160 acres of real property located in Dunklin County, Missouri. Title to real estate being involved within the meaning of Section 3, Article V, Constitution of Missouri 1945, V.A.M.S., we have jurisdiction of the appeal. We will refer to the parties as they appeared in the circuit court.

This action was instituted by D. F. Pitts and his wife, Mattie Pitts. Their petition was in two counts. The first count alleged that the plaintiffs are owners in fee simple of a quarter section of land situated in Dunklin County and described in the petition. The petition alleged that the defendants "claim and assert or might claim and assert an interest in or title to the real estate hereinabove described as descendants and heirs at law of one Fountain E. Pitts and Mariah E. Pitts, his wife, both deceased, as heirs, consorts, devisees, donees, alienees or immediate, mesne, remote, voluntary or involuntary grantees of Fountain E. Pitts." The defendants were named in the caption of the petition, but were not otherwise identified therein.

Count II of the petition alleged that the plaintiffs were owners in fee simple, by purchase, for value, of the real estate in question and that they and those under whom they claim had been in open, adverse, hostile, continuous and exclusive possession of the property for more than 31 years. Count II repeated the allegation of the first count regarding the claims of the defendants.

An answer was filed by defendants Mary Pritchett and Bud Pritchett by which they denied that the plaintiffs were owners in fee simple of the property and that the plaintiffs had obtained title to the land by adverse possession. The answer admitted that these defendants claimed an interest in the property as heirs of Fountain E. Pitts and Mariah E. Pitts. By their answer the defendants further stated: "They aver that Defendants Mary Pritchett and Bertha Moonier are the daughters of Fountain E. Pitts (also known as F. E. Pitts) and Mariah E. Pitts (herein also known as M. E. Pitts), his wife; that the said Fountain E. Pitts died on the 11th day of June, 1915, without a will, leaving as his heirs the said Mariah E. Pitts, his widow, William Pitts, James Pitts, Plaintiff D. F. Pitts (also known as Fletcher Pitts), Louis Pitts, Luther Pitts and Cecil Pitts, his sons, and Defendants Bertha Moonier and Mary Pritchett, his daughters; that the said Fountain E. Pitts was, at the time of his death, the owner of the real property described in the Plaintiff's petition; that the estate of the said Fountain E. Pitts was administered in which the widow, Mariah E. Pitts, made an election; that no dower or homestead was assigned to the said widow and that the said Mariah E. Pitts died in 1937 without a will." The prayer of defendants' answer was that the relief prayed for by the plaintiffs be denied and for their costs.

Subsequently a motion for substitution was filed in which Mattie Pitts suggested the death of D. F. Pitts and moved the court to remove the name of D. F. Pitts as a party plaintiff and to continue the action in the name of Mattie Pitts as sole plaintiff. The motion stated: "This * * cause of action is one to quiet title to real property held and claimed by Plaintiffs as an estate by the entirety."

On these pleadings the matter was tried by the court without a jury. The only evidence adduced at the hearing was testimony of plaintiff Mattie Pitts. She testified that D. F. Pitts was her husband and that he was deceased. Her answer to a question of whether or not she and her husband had been the owners of record of land in Dunklin County was stricken. Thereupon she was asked whether or not she had an abstract to the land in question

and she identified an abstract as covering the premises. She was asked: "Now Mrs. Pitts, you know when you came into possession of this land in Dunklin County?" In response to an objection, the court stated that the witness might answer. However, plaintiff's counsel then stated: "It is immaterial, but the record will speak for itself, and we will offer the abstract." Defendants' counsel stated: "Now, we don't want to mislead Mr. Sharp—but we are not going to agree to it, that this abstract can be offered in evidence in this case, and we object to it." Plaintiff's counsel replied: "I will continue." After the portions of the abstract had been marked and identified, plaintiff's counsel offered them in evidence and an objection to the offer was sustained. Thereupon plaintiff's counsel stated: "That is our evidence, Your Honor." Defendants' counsel moved orally for the dismissal of the petition and the court stated that the motion would be sustained.

Subsequently, without further hearing or evidence, the court entered its findings of fact, conclusions of law and decree in which it found that there had been a complete failure of proof by the plaintiff as to both counts of her petition. However, the court did not enter judgment dismissing the petition. Instead, the court further found: "That the Plaintiff has prayed the court to ascertain and determine the interest of all parties in said described land." The court thereupon entered judgment for the defendants and against the plaintiff upon both counts of plaintiff's petition and further adjudged: "That the title of the defendants, the descendants and heirs at law of Fountain E. Pitts and Mariah E. Pitts, his wife, deceased, in certain land in Dunklin County (description omitted) be and the same is hereby quieted in them as against the plaintiff herein except as to the plaintiff's rights as the surviving widow of D. F. Pitts in D. F. Pitts' interest in said described land as one of the heirs of Fountain E. Pitts and Mariah E. Pitts." After

her motion for rehearing had been overruled, plaintiff appealed.

On this appeal, plaintiff seeks relief from the judgment below on three counts: (1) That the findings and conclusions of law of the trial court were not supported by any evidence; (2) that in sustaining defendants' motion to dismiss plaintiff's petition the case was terminated and the affirmative decree for the defendants not based on some evidence was improper; (3) that "the failure of proof on the part of Plaintiff was obviously the result of surprise and miscalculation as to evidence wherein Plaintiff failed to make a submissible case and new trial should be granted as a matter of substantial justice." The defendants answer that the trial court had the duty to adjudicate the title as among the parties to the action and that the defendants' answer, not having been responded to by the plaintiff, was sufficient to support the judgment entered. Defendants also assert that the record affords no basis for plaintiff's contention that her failure of proof was the result of surprise such as would justify reversal of the judgment below.

▇▇▇ We have pointed out on numerous occasions that in an action to quiet title the court is required to adjudicate the respective interests of the parties to the action regardless of which party is entitled to it. Evans v. Brussel, Mo.Sup., 300 S.W. 2d 442, 444(3). Such declaration should be entered although plaintiff fails to establish his claim of title and the defendant does not request affirmatively an adjudication of title in him. Himmelberger-Harrison Lumber Co. v. Jones, 220 Mo. 190, 119 S.W. 366, 368. However, an adjudication of title should be based upon some evidence. Dowd v. Bond, Mo.Sup., 199 S.W. 954, 955.

In this case the court's judgment was based solely upon the defendants' answer, without evidence being offered in support thereof. The respondents, relying on Himmelberger-Harrison Lumber Co. v. Jones,

supra, assert that the allegations of the defendants' answer were sufficient to authorize the judgment. In Himmelberger-Harrison the claim of the plaintiff was based on a sheriff's deed conveying the interest of one Henry Jones in the land in question. The defendants were the widow and children and heirs at law of Henry Jones and their answer so alleged. When the court found that the sheriff's deed upon which plaintiff's claim was based was void, it thereupon entered judgment declaring that the defendants were the owners of the tract in controversy.

In upholding this judgment against the contention that it was entered without testimony showing title in the defendants, the court stated (119 S.W. 369): "The record expressly recites that upon the trial it was agreed between the parties that Henry Jones is the common source of title. The defendants, by their answer, allege that Sarah E. Jones is the widow of Henry Jones, and the other defendants are his children and heirs at law. These allegations in the answer are not denied by any replication filed by the plaintiff. Upon this state of the record, there was no proof required as to the title of the defendants."

In our opinion the instant case is distinguishable from the Himmelberger-Harrison case because of the difference in the rules of pleading under which the two cases were tried. The Himmelberger-Harrison case was filed in 1905 and decided by the Supreme Court in 1909. At that time the Code of Civil Procedure required a reply to new matter in the defendant's answer. Otherwise the new matter stood admitted. Sections 607–608, RSMo 1899.

■ By the 1943 Code of Civil Procedure (Laws of Mo., 1943, pages 353, 371, Section 41) and the current rules of procedure under which this cause was tried, averments in a pleading to which a responsive pleading is not required are deemed denied or avoided. Supreme Court Rule 55.11, V.A.M.R. Under Rule 55.01, in the absence of third party pleadings, only a

petition and answer are required unless the answer contains a counterclaim denominated as such or a crossclaim. By Rule 55.06 a crossclaim or counterclaim must state a demand for judgment for the relief to which the pleader deems himself entitled. In many actions to quiet title the defendant's claim is asserted in the form of a crossclaim which calls for responsive pleading by the plaintiff. See White v. Wilks, Mo.Sup., 357 S.W.2d 908, 913(8–13); McIntosh v. Foulke, 360 Mo. 481, 228 S.W.2d 757, 759(1). In this case, however, the defendants' answer requested no affirmative relief, but prayed only that the relief sought by the plaintiff be denied. Defendants' answer, therefore, cannot, under Rule 55.06, be considered as asserting a crossclaim. The plaintiff was not required to reply to the defendants' answer. Without further pleading by the plaintiff, the affirmative averments of the defendants' answer were denied rather than admitted, as was the case under the rules in effect when the Himmelberger-Harrison case was tried.

An additional distinction between this case and Himmelberger-Harrison lies in the fact that, in the latter case, the common source of title of the plaintiff and defendant was agreed upon by the parties. Here there is no admission or evidence in that regard. Perhaps it could be assumed from the defendants' answer, but, as we have already concluded, those allegations are not to be considered admitted. The absence of evidence in this regard leaves unsupported the defendants' assumption that D. F. Pitts was a cotenant of the defendants and deprives defendants of the benefit of the presumption (Hynds v. Hynds, 253 Mo. 20, 161 S.W. 812; Mann v. Mann, 353 Mo. 619, 183 S.W.2d 557, 558), which they invoke, that cotenants do not hold adversely to one another.

■ We, therefore, conclude that there was no evidence to support the trial court's judgment declaring the title to the property in question.

█ May the plaintiff on this appeal attack the judgment on such grounds? The general rule is that the plaintiff in an action to quiet title must recover on the strength of his own title. If he has no title, plaintiff is not generally aggrieved by an adjudication of title in the defendants. Harrington v. Muzzy, Mo.Sup., 258 S.W.2d 637, 639(3); Feeler v. Reorganized School District, Mo.Sup., 290 S.W.2d 102, 104(5–7). However, in Himmelberger-Harrison, supra, the court did consider the plaintiff's attack on a judgment which denied its claim of title. The basis of the attack was that the judgment entered was wholly unsupported by any evidence. In our opinion, plaintiff in this case may raise the objection that the judgment entered was not based upon any evidence presented to the court. "That there must be evidence upon which to base a judgment or decree in any case, in the absence of admissions of sufficient facts in the pleadings to sustain it, is elementary law." American Extension School of Law v. Ragland, 232 Mo. App. 763, 112 S.W.2d 110, 113(4, 5). In view of the added fact that the judgment in this case did purport to determine that the plaintiff had an interest in the property, we conclude that the plaintiff may attack the judgment on the grounds that it was wholly unsupported by evidence and that the judgment below should be reversed for that reason.

█ Inasmuch as the defendants may be able to adduce evidence to support their claim of title, the cause should be remanded for a new trial. The question arises as to whether a new trial should also extend to a hearing upon the plaintiff's claim. The record on this appeal discloses a serious dereliction upon the part of plaintiff's counsel, if there is, in fact, merit to the plaintiff's claim. Apparently plaintiff intended to rely on a claim of adverse possession. Although defendants' objection to a question regarding the plaintiff's possession was overruled, plaintiff's counsel did not pursue the matter but stated that he would rely upon the abstract. The abstract might have contained some matter which would have borne upon the plaintiff's possession, although it would appear unusual for it to have done so. In any event, the inadmissibility in evidence of the abstract was obvious and plaintiff's counsel in the absence of prior agreement or stipulation with opposing counsel should not have relied upon it.

Inasmuch as the cause must be remanded, we conclude that the interests of justice will best be served by permitting plaintiff and defendants to present to the court the matters upon which their respective claims are based in order that the court may be fully informed before determining their respective rights. Billings v. Paine, Mo.Sup., 319 S.W.2d 653, 660(16, 17); Feinstein v. McGuire, Mo.Sup., 297 S.W. 2d 513, 518(13). Further admonition to plaintiff's counsel to be properly prepared to present his client's claim should be unnecessary.

The judgment is reversed and the cause remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HYDE, P. J., and HOLMAN and HENLEY, JJ., concur.

DALTON, J., absent.