ST. LOUIS COUNTY, Missouri, Plaintiff,

v.

DELBET INVESTMENT COMPANY, a corporation, et al., Defendants,

Siteman Realty & Investment Company, Defendant-Appellant,

Homer G. Herpel, Aimee Herpel and Herbert Potter, Defendants-Respondents.

No. 34046.

St. Louis Court of Appeals, Missouri.

July 27, 1971.

Blumenfeld, Kalishman, Marx & Tureen, St. Louis, for defendant-appellant.

Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Clayton, for defendants-respondents.

WOLFE, Judge.

The suit out of which this appeal arises was a condemnation action for the establishment of a public road known as the Forsyth By-Pass in the City of Clayton. Part of the land condemned was the northern half of the former right-of-way of the Chicago, Rock Island and Pacific Railroad. The commissioners awarded $7,840.00 for the taking of the land in question. There were no exceptions to the award and all defendants joined as having an interest in the particular parcel, except the appellant and respondents herein, disclaimed any interest in the award. Siteman Realty & Investment Company, the appellant here, claims that it had title to the strip condemned. Conversely, Homer G. Herpel and Aimee Herpel and Herbert Potter claim that they had title to it. The trial court held title to the land was in the Herpels and Potter at the time of the condemnation and directed payment of $7,840.00 to them. It is from that order that Siteman Realty & Investment Company appeals.

The principle facts are not disputed. They were submitted to the court by stipulation. To paraphrase them, they set forth the following. At some unstated time prior to 1878 the railroad right-of-way was established. It ran generally east and west at the point here considered. Its northern boundary followed the south boundary of Sappington Road in 1878. The road was dedicated as a public road by a plat of a

subdivision which covered an area described as Block 8, Lot 20, Clayton. Sappington Road is now known as Shaw Park Boulevard. The railroad right-of-way was abandoned of record in 1963 and it was stipulated that at that time the northern half of the abandoned right-of-way consisting of 7,840 square feet reverted to those who then held title to Lot 20.

Respondent Potter obtained title to a part of Lot 20, Block 8, in 1939 which was twenty-four years before the right-of-way was abandoned by the railroad. The Herpels obtained title to their part of Lot 20, Block 8, in 1945 which was eighteen years before the right-of-way had been abandoned.

The usage of the right-of-way ceased at some unstipulated time prior to the recorded abandonment in 1963. The part of the northern half of the right-of-way with which we are here concerned contained 7,840 square feet. The Herpels' part of Lot 20 in Block 8 contained 10,652 square feet and the part owned by Potter contained 3,705 square feet. Both the Herpels and Potter entered into separate agreements in March, 1965, to sell their respective land to Siteman Realty & Investment Company. The Herpels' contract stated that their part of the land contained "10,652 square feet of land area, legal description to govern." Potter's contract did not specify the number of square feet in the land area but gave Sappington Avenue as the southern boundary.

The sellers executed their separate deeds to Siteman Realty & Investment Company on March 30, 1965. Neither deed sets out the number of square feet transferred but both deeds used the north line of Sappington Avenue as a southern boundary. As stated, the right-of-way was on the south side of Sappington. Thereafter, the Siteman Realty & Investment Company transferred title to Alvin Siteman who then transferred it back to Siteman Realty & Investment Company where title to the land stood at the time of the condemnation award.

The respondents Herpels and Potter introduced evidence that the price they received for the land was based on the number of square feet it contained and was valued at $9.00 a square foot and the Herpels received $96,825.00. Potter received $34,524.00 for his land. One witness testified that the land in the abandoned right-of-way would have qualified under a Clayton ordinance as additional footage for parking space and thus permit a larger building because it was within 300 feet of Lot 20, Block 8, and owned by the same party.

Upon the foregoing evidence the court found that the Herpels and Potter clearly intended to sell to Siteman Realty & Investment Company only the land described in their deed and clearly excluded from the grant the north portion of the right-of-way. The finding of the circuit court concluded with an order on the circuit clerk to pay the sum of $7,840.00 to the Herpels and Potter.

The law as it relates to an easement only which a railroad has acquired for railroad purposes and later abandoned is the same as that which applies to an abandoned easement for a public highway. If such a highway is taken wholly off of one man's property and is later vacated, use of the land goes back to the original owner or his grantees. In the absence of evidence to the contrary the title to the fee is presumed to be in the abutting land owners and extends to the center of the right-of-way. This presumption may be rebutted by evidence that the entire way has been taken from only one of the abutting owners. Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, l. c. 654.

In Prewitt v. Whittaker, Mo., 432 S.W.2d 240, l. c. 243, the Missouri Supreme Court stated:

"This state has long followed the general rule that a conveyance of platted lots or blocks adjoining an *existing* street, without mentioning the street in

the deed, carries to the grantee the fee simple title to the center of the street (or to the far side if the original grantor contributed all of the street to public use). Snoddy v. Bolen, 122 Mo. 479, 24 S.W. 142, 25 S.W. 932, 934, 24 L.R.A. 507; Thomas v. Hunt, 134 Mo. 392, 35 S.W. 581, 583, 32 L.R.A. 857 (' "The presumption is that the grantor did not intend to withhold any interest in the street or highway." "The presumption may be overcome," says Judge Black, "but it must be overcome by something stated in the deed which shows distinctly an intention to withhold an interest in the street." * * *' 'The rule is of the utmost importance, and is necessary to prevent afterthought strifes and litigation, like the one now in hand, over detached strips and gores of land, generally of no value to any one save the lot owner.' * * *."

The judge below and the respondents rely for support on the Prewitt case, supra, for the reason that it is stated therein, following the above quoted portion of the opinion, l. c. 244:

"* * * The owner of the vacated street should not be bound by the hard and fast rule that the rule of construction or presumption may be rebutted only by something stated in the deed, as by a reservation (which would be better conveyancing practice). Rather, his intention to withhold the vacated area should be permitted to be shown by the surrounding facts and circumstances as will clearly and unequivocally show such intention."

In the Prewitt case, supra, the grantor occupied and exercised physical dominion over the abandoned right-of-way at the date of the grant and for three years thereafter with the knowledge of the grantee, and the court held that this was sufficient to overcome the presumption of an intent to transfer the easement. The facts before us are that the Herpels and Potter never exercised any control or dominion over the right-of-way.

■ We are here dealing with the intention of the parties. Neither party could have had any intention about the right-of-way. Both frankly state that they did not know of any right to it until they were made parties to the condemnation suit. The only intention present arose by a presumption created by law that the right-of-way went to the Siteman Realty & Investment Company when they obtained their deed from the respondents.

As stated in Koviak v. Union Electric Company, Mo., 442 S.W.2d 934, l. c. 939:

"* * * It was not necessary that there be evidence of the intention to convey. That was presumed. * * * It was however necessary to defeat the presumption to adduce clear and convincing evidence to the contrary, that is, that it was not intended that the abandoned railroad right of way was to be conveyed. * * *."

Upon this the respondents' evidence is wholly insufficient.

The judgment is reversed and the cause remanded with directions to enter an order directing the clerk of the circuit court to pay the sum of $7,840.00 to Siteman Realty & Investment Company.

BRADY, P. J., concurs.

DOWD, J., not participating.