Phyllis ROBERTSON, Johnson Hill, Doris Hill, Dennis Whitlow, Carla Whitlow, Joe Janes, Sarah Janes, Lena Thomas, Howard Depriest, Jr., and Dorothy Depriest, Plaintiffs–Appellants,

v.

NORTH INTER–RIVER DRAINAGE DISTRICT, Defendant–Respondent.

No. 18026.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 3, 1992.

Keith D. Sorrell of Spain, Merrell and Miller, Poplar Bluff, for plaintiffs-appellants.

Mary L. Dilks of L. Joe Scott—Daniel T. Moore, Poplar Bluff, for defendant-respondent.

MONTGOMERY, Presiding Judge.

This is a quiet title action by Plaintiffs against the North Inter–River Drainage District (Defendant). Plaintiffs appeal from a judgment adverse to them.

Plaintiffs' Petition alleges "Defendant is claiming easements, ditches and rights-of-way affecting said real estate of the Plaintiffs," and that Defendant's claim constitutes a cloud upon title to their land. Defendant denied those allegations and affirmatively stated that "Plaintiffs have failed to describe the lands of the Defendant to which they allegedly have an interest."

The trial court decreed that "plaintiffs have no claim to the levees and ditches as alleged in their Petition as the interest acquired by the old Inter–River Drainage District was fee simple and thus the plaintiffs

have no reversionary interest in said properties however they may have been conveyed to the defendant and judgment is hereby entered in favor of the defendant. . . ."

The background of this case arises prior to 1920. From a scant record and from the briefs we understand the Inter–River Drainage District (IRDD) was formed as a circuit court drainage district under a predecessor chapter to current Chapter 242, RSMo 1986. Thereafter, IRDD operated a series of ditches and levees to drain a large area from Poplar Bluff to the Arkansas line and between the Black and St. Francis Rivers. Prominent among those ditches is one called Ditch No. 1.

In 1984, IRDD filed a petition to dissolve the district, which was assigned Case No. CV184–202CC. On March 6, 1985, the Butler County Circuit Court entered an order dissolving IRDD which, in part, recited:

> [T]he Court finds that the Court hereby retains jurisdiction of all easements, rights of way and interest in real estate, for the public good, and ORDERS that said easements, rights of way and interest in real estate may be used by the general public for drainage purposes until further order of this Court. . . .

The legal file here contains only the Petition and Order just described in Case No. CV184–202CC. No real estate was described in either pleading.

The following year the Defendant drainage district was formed under Chapter 242 in Case No. CV186–46CC in Butler County Circuit Court. A motion was filed in that case to transfer all the real estate formerly held by IRDD to Defendant. On July 14, 1986, the court entered an order "that [Defendant] is hereby granted all easements, ditches, rights-of-way, bridges and land-ownership of whatsoever kind heretofore vested in the dissolved [IRDD] of Butler County, Missouri, as shown on Exhibit "A" attached hereto and made a part hereof." Exhibit "A" described only the boundaries of Defendant but described no easements, ditches, rights-of-way, or any other interest in real estate. The boundaries of Defendant included most of the northern portion of the dissolved IRDD area and encompassed a portion of Ditch No. 1.

Plaintiffs' evidence at trial consisted of various deeds and probate records (Plaintiffs' Exhibits 1 through 6) and the court file in Case No. CV184–202CC and Case No. CV186–46CC. As earlier noted, the record here contains only the dissolution petition and the orders from each case relating to real estate.

Plaintiffs' Exhibits 1 through 6 describe separate tracts of real estate, but they contain one common feature. Each description refers to each plaintiff's land as going to the right-of-way of the IRDD Ditch No. 1 or as lying west (or north and west) of IRDD Ditch No. 1. Clearly, no exhibit contains a description of real estate purportedly owned by Defendant.

Defendant's evidence at trial came mainly from one witness, Lawrence Fisher, a registered land surveyor. He was employed by an engineering firm that performed services for both IRDD and Defendant. He testified, without objection, that none of Plaintiffs' Exhibits 1 through 6 contain a description of land on which either IRDD or Defendant "has an easement, a right-of-way, or an ownership interest." On cross-examination, the following exchange occurred:

> Q. . . . Did you create any descriptions in order to some way have a record of what was attempting to be conveyed by that order [referring to the order of July 14, 1986]?
>
> A. We wrote descriptions describing the district, not the easements.

Defendant's evidence, like Plaintiffs', does not show the description of land purportedly owned by it or IRDD. The record is completely silent on how IRDD acquired title to any land, i.e., by condemnation, purchase, gift or otherwise. The record fails to reveal if any interest acquired by IRDD was in fee simple or otherwise.

Plaintiffs' first point of three complains the trial court erred in finding the real estate interests acquired by Defendant from IRDD were properly conveyed since the court had no authority to take such action after IRDD was dissolved. Consequently, "once [IRDD] was dissolved, all its

real estate interests reverted back to the parcels of land from where they came."

Defendant counters with the argument that § 242.320 provides that whenever land is acquired by a drainage district, the title, use, possession and enjoyment of such property shall pass from the owner and be vested in the district, and subject to its use, profit, employment and final disposition. Defendant claims this statute makes no provision for any reversion of such land.

Our review of this court-tried case is governed by Rule 73.01(c) as interpreted by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Therefore, the judgment of the trial court will be sustained unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32.

■ In a quiet title action the court must "ascertain and determine the rights of the parties under the pleadings and evidence, grant such relief as may be proper and determine the 'better' title, as between the parties to the proceeding, though a title superior to the rights of either party may be held by a stranger." *Moise v. Robinson*, 533 S.W.2d 234, 240 (Mo.App.1975). A claimant must prevail on the strength of his own title and not upon any weakness in the title of the other party. *Id.* Each party has the burden to prove title superior to the other, not superior to the whole world. *Teson v. Vasquez*, 561 S.W.2d 119, 132–33 (Mo.App.1977).

Plaintiffs did not carry their burden to prove title superior to Defendant. Their claim of a reversion back to them upon dissolution of IRDD must fail for lack of evidence.

■ A reversion is the residue of an estate left in a grantor when he has transferred a lesser estate than he owned. Reversions are created by operation of law, vested but sometimes defeasible, and subject to transfer by deed, will or intestate descent. *See* Eckhardt and Peterson, Possessory Estates, Future Interests and Conveyances in Missouri § 43 (1952); *Norman v. Horton*, 344 Mo. 290, 295, 126 S.W.2d

187, 189 (1939); *Payne v. Barnes*, 638 S.W.2d 299, 302 (Mo.App.1982). Plaintiffs' deeds describe no interest in Ditch No. 1 purportedly owned by IRDD or Defendant. Regardless, Plaintiffs urge that, as abutters, they have a reversionary interest in Ditch No. 1 upon the dissolution of IRDD, relying on *State ex rel. Reynolds County v. Riden*, 621 S.W.2d 366 (Mo.App.1981), and *St. Louis County v. Delbet Inv. Co.*, 469 S.W.2d 951 (Mo.App.1971). Those cases deal with easements for public roads or railroad rights-of-way which were abandoned. It is true if such an easement is "taken wholly off of one man's property and is later vacated, use of the land goes back to the original owner or his grantees. In the absence of evidence to the contrary the title to the fee is presumed to be in the abutting land owners and extends to the center of the right-of-way." *Id.* at 953. Even if Plaintiffs' case law is controlling and if Plaintiffs have the reversionary interest they claim, there is no evidence to show whether Plaintiffs' interest extends to all or to the center of an undescribed area of Ditch No. 1. Absent such proof, any judgment would be void because it would rest entirely on speculation and conjecture. *Teson*, 561 S.W.2d at 127.

Plaintiffs' argument simply assumes without evidentiary basis that their predecessors in title transferred an interest less than a fee simple to IRDD, leaving a reversionary interest outstanding. Plaintiffs fail to recognize their predecessors in title may well have conveyed a fee simple to IRDD. For this reason, Plaintiffs have failed to present any evidence that a reversionary interest exists as to any land purportedly owned by IRDD or Defendant. That a drainage district (such as IRDD) can acquire fee simple title to property has been settled by *Bradley v. Elsberry Drainage Dist.*, 425 S.W.2d 950 (Mo.1968). There, the Court construed the predecessor statute to § 242.320 and found the "legislature's intention to authorize acquisition of the fee." *Id.* at 953. The fee in *Bradley* was obtained by condemnation, but we read the case as broad enough to allow acquisition of a fee simple title by purchase or otherwise. We hold that Plaintiffs fail to carry their burden to show they have a

reversionary interest in land acquired by IRDD which adjoins theirs. We do not attempt to determine the validity of the transfer of the real estate interest by IRDD to Defendant because Plaintiffs must prevail upon the strength of their title, not the weakness of Defendants. *Moise,* 533 S.W.2d at 240. Under this view, Plaintiffs' remaining points require no discussion.

 However, our task in this case is not complete. In a quiet title action the court must adjudicate the respective interests of the parties regardless of which party is entitled to it. *Pitts v. Pitts,* 388 S.W.2d 337, 339 (Mo.1965). "Such declaration should be entered although plaintiff fails to establish his claim of title and the defendant does not request affirmatively an adjudication of title in him." *Id.* Here, Defendant did not request affirmatively an adjudication of title nor did the court attempt to adjudicate title in Defendant as to Ditch No. 1 adjoining Plaintiffs' land. Furthermore, the judgment erroneously determined that IRDD acquired its levees and ditches in fee simple because no evidence in the record reveals whether IRDD acquired such ditches and levees in fee simple or otherwise.

With some reluctance we believe Plaintiffs' evidence put fee title to Ditch No. 1 in issue, and sufficiently to preclude a judgment in favor of Defendant without determination of title. *See Stottle v. Brittian,* 459 S.W.2d 310, 312 (Mo.1970). This case is similar to *Stottle* and *Pitts.* In both cases, the trial court dismissed plaintiffs' petitions on the ground of failure to show title. In *Pitts,* title was quieted in defendants without any supporting evidence; and in *Stottle,* the Court failed to adjudicate the title in either party. Both cases were remanded to allow each side the opportunity to introduce evidence to support their respective claims in order that the Court may be fully informed. *Stottle* at 313; *Pitts* at 341.

We believe these cases support a similar disposition of this case. Furthermore, we are mindful that a quiet title decree "should not be reversed for failure of proof without remanding unless the record indicates the available essential evidence has been fully presented and the party claiming title could not prevail in any event." *Zweemer v. Cantrell,* 823 S.W.2d 531, 536 (Mo.App.1992). The record here demonstrates it is possible for both parties to introduce other available evidence to support their respective claims.

Upon retrial, both parties will have the opportunity to describe the area of Ditch No. 1 adjoining Plaintiffs' land. Plaintiffs will have the opportunity to present evidence, if any, of the conveyances made by their predecessors in title affecting their claim to Ditch No. 1. Likewise, Defendant may present evidence of the actual real estate interests acquired by IRDD and any additional evidence relating to the transfer of such interests from IRDD to Defendant.

The judgment is reversed and cause remanded for further proceedings consistent with this opinion.

FLANIGAN and PREWITT, JJ., concur.