**J. Kevin MANARD, Plaintiff–Respondent,**

v.

**Hal H. WILLIAMS, Defendant–Appellant,**

and

**Farmers Home Administration, et al., Defendants.**

No. 21026.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 24, 1997.

Stuart H. King, William H. McDonald & Associates, P.C., for Defendant–Appellant.

David J. Riesenmy, Parrish, Jacobs & Riesenmy, for Plaintiff–Respondent.

BARNEY, Judge.

J. Kevin Manard (Plaintiff) brought an action against Hal H. Williams (Defendant), Farmers Home Administration and others, to quiet title to certain real property located in McDonald County, Missouri (the property). The trial court found the issue of title to the property in favor of Plaintiff and entered judgment quieting title to the property in Plaintiff. Defendant appeals.

Defendant was the prior owner of the property in question, having acquired it from the Farmers Home Administration by quit claim deed. He subsequently defaulted in the payment of a promissory note to Plaintiff in the original · amount of $4,200.00, which was secured by the lien of a deed of trust on the property. Plaintiff subsequently foreclosed on the property through the power of sale provision of the deed of trust and purchased the property at the foreclosure sale.[1]

---

1. The record alludes to the Plaintiff's filing of an action in the Circuit Court of McDonald County,

After Plaintiff purchased the property he discovered that Defendant's quit claim deed had never been recorded. Plaintiff concluded that it would be wise to bring this quiet title action quieting title in his name.

Defendant raises two points of trial court error. Both points are essentially attacks on alleged irregularities of the foreclosure sale from which Plaintiff purchased the property. First, he argues that the trial court erred in quieting title to the property in Plaintiff because Defendant had not received the required statutory notice of foreclosure on the property; therefore, the foreclosure constituted a "legal nullity" or, in the alternative, the foreclosure sale had not terminated Defendant's equitable right of redemption. Secondly, he argues that the trial court erred in its judgment because the "execution against the [p]roperty was not issued as a special *fieri facias* and was not executed ... in an ordinary civil action" in violation of section 443.270,[2] or alternatively, did not serve to terminate Defendant's "equitable right of redemption."

## I.

In a court-tried case, such as this, the appellate court will sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Gauzy Excav. & Grading Co. v. Kersten Homes, Inc.*, 934 S.W.2d 303, 304 (Mo. banc 1996) (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Due regard is given to the opportunity of the trial court to have judged the credibility of witnesses. *Central States Christian Endeavors Assoc. v. Nelson*, 898 S.W.2d 547,

Missouri, in Case No. CV193–289CC, purportedly seeking to "judicially foreclose" the property. *See generally* §§ 443.190–.270, RSMo 1994. Neither the petition nor the judgment in CV193–289CC is contained in the legal file or other parts of the record herein. The best that can be gleaned from the record, however, is that the circuit court ordered the property sold under the power of sale provision of the deed of trust. In his reply brief, Defendant acknowledges the foregoing "authorization" for foreclosure under the terms of the deed of trust.

548 (Mo. banc 1995); *Evans v. Wittorff*, 869 S.W.2d 872, 875 (Mo.App.1994).

Further, as the trier of fact, the trial court is in a better position to determine witnesses' sincerity, character, and other trial intangibles which may not be shown by the record. *In re Estate of Campbell*, 939 S.W.2d 558, 564 (Mo.App.1997). The trial court may believe all, part or none of the testimony of any witnesses. *Id.*

■ We note that neither party in this matter requested findings of fact and conclusions of law and none were entered. When findings of fact and conclusions of law were not requested and none were entered, this Court will affirm the trial court's judgment if it is supported under any legal theory. *Stanfield v. Grove*, 924 S.W.2d 611, 613 (Mo. App.1996). We examine both the evidence and the trial court's judgment with these precepts in mind.

## II.

■ As proponent of a quiet title action, Plaintiff had "the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of [his] own title and not on any weakness in the title of the other party." *Ollison v. Village of Climax Springs*, 916 S.W.2d 198, 203 (Mo. banc 1996). Indeed, *each* party to the action had the burden to prove title superior to the other. *Robertson v. North Inter–River Drainage Dist.*, 842 S.W.2d 544, 546 (Mo.App.1992)(emphasis added). The trial court in a quiet title action must "ascertain and determine the rights of the parties under the pleadings and evidence, grant such relief as may be proper and determine the 'better' title, as between the parties to the proceeding, though a title superior to the rights of either party may be

It was Defendant's duty, as the Appellant in this action, to have provided this Court with a copy of the petition and judgment in CV193–289CC. *See* Rule 81.12(a), Missouri Court Rules (1997); *see also Galpine v. Duffe*, 861 S.W.2d 204 (Mo.App.1993).

2. All statutory references are to RSMo 1994, unless otherwise indicated.

held by a stranger." *Id.; see also Pitts v. Pitts,* 388 S.W.2d 337, 339 (Mo.1965).

We review Defendant's Points I and II together and find that they have no merit.

In answer to Plaintiff's quiet title action, Defendant generally denied all the allegations of the petition. Defendant stated that he did "not voluntarily and without coercion execute or deliver the subject deed of trust on any date." He admitted he received a quit claim deed to the property from the Farmers Home Administration. The latter filed a general disclaimer of interest in the quiet title action.

■ Defendant sought no affirmative relief from the court, including the quieting of title to the property in himself. Nevertheless, the trial court is compelled to "adjudicate the respective interests of the parties regardless of which party is entitled to it." *Robertson,* 842 S.W.2d at 547(quoting *Pitts,* 388 S.W.2d at 339). Such a declaration should be entered even where, as here, Defendant failed to affirmatively request an adjudication of title in himself. *See Robertson,* 842 S.W.2d at 547.

In review of a record that we charitably designate as sparse, we note that Plaintiff presented evidence of having purchased the property in question at a foreclosure sale held November 9, 1994, and generally testified concerning the chain of title to the property.

Defendant did not personally appear at trial and testify. Defendant presented no evidence disputing the validity of the pertinent note or the deed of trust. Defendant submitted no direct evidence or exhibits supporting his proposition that the foreclosure sale was void.

Defendant's attorney elicited evidence solely through cross-examination of Plaintiff, generally attacking the procedure by which the *trustee* foreclosed the deed of trust.

Defendant's cross-examination of Plaintiff, in pertinent part, went as follows:

Q. [hereafter by Defendant's counsel] The property was sold on November 9, is that correct, of 1994?

A. [hereafter by Plaintiff] yes.

. . .

Q. Do you recall the date that was contained in the published notice?

A. No.

Q. Was it October 19. Does that refresh your recollection?

A. I believe you. I'm not disputing that.

Q. Well, I hand you your first amended petition—or the first amended petition that was filed in this action. And ask if you're familiar with this document.

A. Yes.

Q. And attached as an exhibit to that is a purported trustee's deed under sale. Are you familiar with that document?

A. Yes.

Q. Can you explain to the Court why the trustee's sale was not held on the date set forth in the notice provision?

A. No.

Q. But you do have knowledge that it was not held on that date, correct?

A. That's correct.

Q. It was not held within one week of that date, correct?

A. That's correct. It was—

[Defendant's counsel] No further questions. Go ahead. You had something to add?

[Plaintiff] It was announced here at the— here at the courthouse that the sale had been postponed.

Q. In fact, it was announced—Continuances were announced twice; is that right?

A. I believe that's correct.

Q. Okay.

■ Based on the foregoing, Defendant argues that since the foreclosure sale was continued more than once and the sale took place more than seven days from the first continuance the foreclosure sale was null and void for violating the provisions of section 443.355, and he was entitled to new notice as

provided by sections 443.320 and 443.325. We disagree.[3]

■ We recognize that "there are some procedural requirements so fundamental to a foreclosure sale that failure to observe them must be held to cause a sale and a resulting trustee's deed to be void." *Graham v. Oliver,* 659 S.W.2d 601, 604 (Mo.App.1983).

Some examples of fundamental procedural defects are: (1) when the person causing the foreclosure does not hold title to the secured note, *see id.* at 603 (citing *Cobe v. Lovan,* 193 Mo. 235, 92 S.W. 93 (1906)); (2) when, in fact, there is no default in the condition of the deed of trust at the time of the first publication of the notice of sale, *see id.* at 604(citing *Spires v. Lawless,* 493 S.W.2d 65 (Mo.App. 1973)); (3) when the deed of trust authorizes a sale upon the request of the holder of the secured note but there has been no such request, *see Id.*(citing *Lustenberger v. Hutchinson,* 343 Mo. 51, 119 S.W.2d 921 (1938); *St. Louis Mut. Life Ins. Co. v. Walter,* 329 Mo. 715, 46 S.W.2d 166 (1931)); and (4) a complete failure to describe or in any manner indicate that an omitted 190 acres would be sold "was tantamount to failure to publish a notice of sale so far as that 190 acres is concerned." *Graham,* 659 S.W.2d at 605.

"When the mortgagee has no right to foreclose, as that phrase is used in the above rule, it is generally said 'the foreclosure itself is wrongful because no right to sell exists, then such a sale is wholly void and the mortgagee can acquire no title under it.'" *Id.* at 604(quoting *Kennon v. Camp,* 353 S.W.2d 693, 696 (Mo.1962)); *see also Jackson v. Johnson,* 248 Mo. 680, 154 S.W. 759 (1912).

■ Upon considering the foregoing cases and comparing them to the sparse record before us, we are not persuaded that proof of violation of section 443.355 alone is sufficient for us to declare the foreclosure sale null and void. Under the cases cited above, lack of any notice is such a fundamental procedural defect as to render null and void the foreclosure sale. Adequate notice to the mortgagor and public is required to insure that the mortgagor may, at least, take steps to aid in the sale of the property for the most advantageous price. However, the legislature, by enacting section 443.355, apparently believed that if the sale had to be postponed, the initial foreclosure notice was sufficient to meet fundamental notice requirements, *provided* there was only a single continuance and it was not for a period of more than seven days, unless the parties otherwise agree. *See* § 443.355. Such a view no doubt contemplated that a mortgagor and any prospective purchasers attending the sale would be told the new sale date or they could find out where to inquire about a new date. At a minimum, those interested would know that another sale was imminent and would know the time frame in which it was to be held. We share that view. We hold that a mere showing of a per se violation of section 443.355 alone is insufficient to render a resulting foreclosure sale void *ab initio.* In so holding, however, we do not preclude the possibility that under an appropriate evidentiary setting the violation of the cited statute could nullify and void a foreclosure sale.

■ We next turn to Defendant's briefed contention that the foreclosure sale was voidable. In his seminal opinion in *Graham,* Judge Maus determined that:

The general rule is that if the holder of the mortgage has no right or power to foreclose, then the sale under an attempt-

---

**3.** Section 443.355 provides as follows:

1. A trustee exercising a power of sale granted in any security instrument may, in his discretion, continue the sale without re-advertisement or mailing additional notice by announcing or causing to be announced on the day and at the time and place of sale the fact of such continuance. The announcement shall contain the date, time and place to which the sale is continued. No party shall have a cause of action for damages against a trustee for continuing or refusing to continue a sale as provided in this section.

2. Only one continuance shall be made under the authority granted by this section, which continuance shall be for a period of not to exceed seven days. The provisions of this section shall not prevent the holder of a security instrument and the owner of the land encumbered thereby from agreeing to more than one continuance or to continuances for more than one week. Nothing in this section shall prevent a trustee from abandoning a sale before its completion and commencing new sale proceedings after compliance with sections 443.310, 443.320 and 443.325.

ed foreclosure is void and no title is conveyed, but if the holder does have the right to foreclose, and if there is legitimate attempt to foreclose by a trustee acting within the apparent scope of authority, then the sale is not void and legal title passes *even though the power of sale may have been improperly exercised.* Even though the proceedings were defective and irregular, the trustee's deed conveys legal title and (we prefer to limit this to a generality) the mortgagor can take advantage of the irregularity only by appealing to a court of equity. *Hrovat v. Bingham,* 341 S.W.2d 365, 368–69 (Mo.App.1960); *Graham,* 659 S.W.2d at 603 (emphasis added); *see also Kennon,* 353 S.W.2d 693 (Mo. 1962); *Abrams v. Lakewood Park Cemetery Ass'n,* 355 Mo. 313, 196 S.W.2d 278 (1946).

■ "An irregularity in the execution of a foreclosure sale must be substantial or result in a probable unfairness to suffice as a reason for setting aside a voidable trustee's deed." *Kennon,* 353 S.W.2d at 695; *see also Fancher v. Prock,* 337 Mo. 1119, 88 S.W.2d 179 (1935).

Some examples of judicially recognized "irregularities" are as follows: "[1] a description adequate to convey legal title, but confusing to the reader; [2] the publication of the notice of sale for periods somewhat less than the prescribed time; [3] a sale at the east front door instead of the west front door as prescribed by the deed of trust; [and][4] omission of the year in the published notice of sale." *Graham,* 659 S.W.2d at 604 (citations omitted).

■ Nevertheless, "[a] trustee's deed delivered pursuant to an improperly executed foreclosure sale conveys a valid title to the grantee until such deed is set aside, i.e., the deed is voidable." *See Kennon,* 353 S.W.2d at 695; *see also Roberts v. Murray,* 232 S.W.2d 540, 546 (Mo.1950).

■ "[Defendant], contending that there has been a wrongful foreclosure, can bring 'suit in equity to set aside the sale, or, let the sale stand and sue at law for damages.'" *Zdazinsky v. Four Seasons Lakesites, Inc.,* 901 S.W.2d 224, 225 (Mo.App.1995). However, Defendant did not plead an action in equity to set aside the foreclosure sale on the basis of the sale being *voidable.* See Rules 55.08, 55.32, Missouri Court Rules (1995). Nor did Defendant cite any authority in support of his alternative contention as to the voidability of the foreclosure proceedings. Furthermore, Defendant presented no claim or proof at trial showing that he sought to redeem the property after the foreclosure sale. *See Roberts,* 232 S.W.2d at 541. "Redemption may be accomplished either by proceeding as provided by statute, Section 443.410 (statutory redemption as of course), or by an action in equity to set aside the trustee's deed where redemption or otherwise putting the purchaser in status quo is the price put upon the court's decree." *Kennon,* 353 S.W.2d at 695.

■ Lastly, the trustee proceeded under the extra-judicial, power of sale provisions of sections 443.290–.440. These statutory provisions envision a private sale and do not require that an execution against the property be issued as a special *fieri facias.*

The trial court's judgment quieting title to the property in Plaintiff is supported by substantial evidence. *See Roberts,* 232 S.W.2d at 547; *Gateway Exteriors, Inc. v. Suntide Homes, Inc.,* 882 S.W.2d 275, 279 (Mo.App. 1994).

The judgment is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.