Celsita Elsa HARRISON, formerly, Celsita Elsa Racicot, Plaintiff–Respondent,

v.

Bobby H. ANGLIN, Defendant–Appellant.

No. 22079.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 25, 1998.

John R. LePage, Evenson, Carlin & LePage, Pineville, for Appellant.

Charles S. Genisio, Joplin, for Respondent.

BARNEY, Judge.

Bobby H. Anglin (Mr. Anglin) appeals from the trial court's judgment which set aside a collector's deed to him of certain real property located in McDonald County, Missouri, and quieted title to the real property in Celsita Elsa Harrison, formerly, Celsita Elsa Racicot (Ms. Harrison).[1]

Ms. Harrison owned the property prior to the tax sale. She testified that she inadvertently failed to pay her property taxes in the amount of $13.86 for the tax year 1987 but did pay her property taxes for the tax years 1988 and 1989. As a result of Ms. Harrison's failure to pay her 1987 property taxes, however, a tax sale was held on August 27, 1990, at which Mr. Anglin purchased the property for the sum of $32.11. Mr. Anglin received his collector's deed for the property on September 8, 1992, and recorded the deed on September 15, 1992.

Ms. Harrison brought this action against Mr. Anglin within the time permitted by

---

1. The real property at issue consists of approximately 80 acres and was described in the trial court's judgment as follows:

The South One–Half of the Northwest Quarter of Section 7, Township 22, Range 31, McDonald County, Missouri.

section 140.590 to set aside the tax sale and to quiet title to the property in her name. Following a court-tried case, the trial court determined that Mr. Anglin failed to comply with the statutory mandates of section 140.405 [RSMo Cum.Supp.1989] before he purchased the real property and that the collector's deed issued to Mr. Anglin for the real property was void.[2]

"We must uphold the judgment of the trial court unless there is no substantial evidence to support, it is against the weight of the evidence or it erroneously declares or applies the law." *Gershman v. St. Louis County*, 963 S.W.2d 290, 292 (Mo.App.1997); *see also Manard v. Williams*, 952 S.W.2d 387, 389 (Mo.App.1997).

■ In a quiet title action the trial court must ascertain and determine the rights of the parties under the pleadings and evidence and grant such relief as may be proper and determine the "better title" as between the parties to the proceeding. *Manard* 952 S.W.2d at 389.

■ In his sole assignment of error, Mr. Anglin avers that the trial court erred in finding that the collector's deed was void and in quieting title to the real property in Ms. Harrison. Mr. Anglin contends that the trial court misapplied section 140.405 because the tax sale from which he purchased the real property was a "third offering" tax sale and therefore the statutory provisions of section 140.405 were not applicable.[3]

As regards "third offering" tax sales, we note that section 140.250 [RSMo 1986] provides that whenever any real property has been "offered for sale for delinquent taxes, interest, penalty and costs ... for any two successive years and no person shall have bid therefor a sum equal to the delinquent taxes thereon ... then such county collector shall at the next regular tax sale ... sell same to the highest bidder, and there shall be no period of redemption from such sales." § 140.250.1, RSMo 1986; *see also M & P Enterprises, Inc. v. Transamerica Financial Serv.*, 944 S.W.2d 154, 157–58 (Mo. banc 1997).[4]

In its judgment, the trial court found that Mr. Anglin "failed to comply with [section] 140.405 RSMo. and that the Collector's Deed is void on its face...." Implicit in the trial court's finding is that the tax sale from which Mr. Anglin purchased the real property was not a "third offering."[5] This is so because had the tax sale been a "third offering,"

2. Any person purchasing property at a delinquent land tax auction, other than persons purchasing property at a third offering for which there is no period of redemption pursuant to section 140.250, shall not acquire the deed to the real estate, as provided for in section 140.420, until he meets with the following requirement or until he makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his publicly recorded security or claim. Notice shall be sent by certified mail to any such person at his last known available address. Failure of the purchaser to comply with this provision shall result in his loss of all interest in the real estate.

§ 140.405, RSMo Cum.Supp.1989.

3. We note that Mr. Anglin did not specifically assert during trial that the tax sale from which he purchased Ms. Harrison's property was a

"third offering" and that he was therefore immune from the requirements of section 140.405. "Generally, cases are reviewed in the appellate courts only on the theory upon which they are tried in the trial courts." *Schmidt v. Warner*, 955 S.W.2d 577, 584 (Mo.App.1997). "An appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide." *Id.* at 584–85. However, we will review Mr. Anglin's contention *ex gratia.* Rule 84.13(c), Missouri Court Rules (1998).

4. The Missouri Attorney General has issued an opinion that concludes that "purchasers of property at third offering tax sales are exempt from the requirements of Section 140.405. Therefore, such purchasers of property at third offering tax sales are entitled to receive a collector's deed without waiting any period of redemption and are exempt from the requirements of Section 140.405." Op. Mo. Att'y Gen. 61–90 (1990).

5. The trial court did not issue any findings of fact and conclusions of law in support of its judgment. "When findings of fact and conclusions of law [are] not requested and none [are] entered,

except for circumstances not pertinent herein, Mr. Anglin would not have been required to comply with the notice provision of section 140.405. *See M & P Enterprises,* 944 S.W.2d at 158, 160; Op. Mo. Att'y Gen. 61–90 (1990); *Manard,* 952 S.W.2d at 389.

We have thoroughly reviewed the record in this matter to discern whether there was any evidence suggesting that the tax sale of Ms. Harrison's property was indeed a "third offering," as such a sale is described in section 140.250, *supra.* Our review reveals no such evidence to support Mr. Anglin's proposition that the tax sale was a "third offering." *See also* note 3, *supra.* Thus, Mr. Anglin was not exempt from complying with the notice provision of section 140.405. *See* note 2, *supra.*

■ While a "collector's deed is 'prima facie evidence of a good and valid title in fee simple,'" *Ruley v. Drey,* 643 S.W.2d 101, 103 (Mo.App.1982), "this does not prevent an opponent from offering evidence at variance with the title." *Trailwoods Homeowners' Ass'n v. Scott,* 938 S.W.2d 669, 670 (Mo.App. 1997).

Ms. Harrison testified at trial that she received no notice from Mr. Anglin of her right to redeem the property at least 90 days prior to the date he was authorized to receive a collector's deed. Indeed, Mr. Anglin acknowledged in his testimony that he failed to send notice of any kind to Ms. Harrison regarding her right of redemption after he purchased her 80 acre parcel of property. As the record property owner prior to the tax sale and because there was no evidence that the subject tax sale was a "third offering," Ms. Harrison was entitled to receive notice of Mr. Anglin's tax sale purchase under section 140.405. "[Section] 140.405 requires notice to be sent by certified mail within the time set out in the statute to the owner of the property as shown by the public records at the time the collector's deed is sought." *James v. Mullen,* 854 S.W.2d 577,

578 (Mo.App.1993). "Failure of the purchaser to comply with [§ 140.405] shall result in his loss of all interest in the real estate." § 140.405, RSMo Cum.Supp.1989.

Accordingly, we determine that there is substantial evidence in the record establishing that Mr. Anglin failed to comply with the mandatory statutory notice requirements set forth in section 140.405. Therefore, Ms. Harrison met her burden at trial to prove the invalidity of Mr. Anglin's collector's deed.

Upon our review of the record, we conclude that the trial court's decision in this case to set aside the collector's deed and quiet title to the real property in Ms. Harrison was correct and that no error in law appears. *See Gershman,* 963 S.W.2d at 292; *Manard,* 952 S.W.2d at 389. Point denied.

The judgment is affirmed.

GARRISON, C.J. and MONTGOMERY, J., concur.

---

this Court will affirm the trial court's judgment if it is supported under any legal theory." *Manard,*

952 S.W.2d at 389.