# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-3086

———————————————

David R. Anderson

*Plaintiff - Appellant*

v.

Bank of the West; U.S. Bank, National Association, et al.

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: October 19, 2021
Filed: January 25, 2022

——————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

——————————

LOKEN, Circuit Judge.

In 2005, David Anderson obtained a home loan from a predecessor of U.S. Bank, N.A. The loan was secured by a promissory note and trust deed that authorized the lender, as trustee, to sell Anderson's Lincoln, Nebraska residential property by foreclosure sale in the event of a qualifying breach of the loan. See Neb. Rev. Stat. § 76-1005. In February 2019, U.S. Bank exercised its power as trustee and sold the

property at a non-judicial Trustee's Sale. Bank of the West, which held a separate deed of trust, was the high bidder.

In April 2019, Anderson sued Bank of the West in Nebraska state court, seeking to set aside the Trustee's Sale. Applying the Supreme Court of Nebraska's decision in Gilroy v. Ryberg, 667 N.W.2d 544 (Neb. 2003), the District Court of Lancaster County dismissed this claim because Anderson "has not alleged any defects that would render the Trustee's Sale void or voidable." Anderson then filed an Amended Complaint adding U.S. Bank as a defendant. U.S. Bank removed the case to the District of Nebraska with Bank of the West's permission. See 28 U.S.C. §§ 1441, 1446(b)(2)(A).

After removal, U.S. Bank moved to dismiss for failure to state a claim, Anderson filed a Second Amended Complaint (SAC), and U.S. Bank renewed its motion to dismiss. In a series of orders, the district court[1] dismissed Anderson's claims against U.S. Bank and Bank of the West with prejudice and denied his motion for leave to file a Third Amended Complaint (TAC). Anderson appeals those orders. We affirm.

## I. Background

The factual basis for Anderson's claim to set aside the Trustee's Sale are his allegations that the lenders, U.S. Bank and its predecessors, "*prior to the institution and maintenance of any foreclosure activity*," failed to comply with "foreclosure avoidance procedures" required by the federal Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and a federal consent decree referred to as the

---

[1]The Honorable Robert F. Rossiter, Jr., now Chief Judge of the United States District Court for the District of Nebraska.

National Mortgage Settlement[2] that were "conditions precedent" to foreclosure by a Trustee's Sale under Nebraska law. SAC Par. 14-16. In granting U.S. Bank's motion to dismiss, the district court ruled that, even if properly pleaded and assumed to be true, the above-summarized allegations were insufficient to warrant equitable relief setting aside a non-judicial Trustee's Sale under Ryberg, the controlling Nebraska precedent. The court ordered Anderson to show cause why Bank of the West should not also be dismissed.

In opposing U.S. Bank's motion to dismiss, Anderson alternatively asked for leave to amend his SAC. This request is not "construed as a motion for leave to amend." Wolgin v. Simon, 722 F.2d 389, 394 (8th Cir. 1983). Then, in addition to filing a "perfunctory response" to the court's order to show cause, Anderson filed a motion for leave to amend that included a proposed TAC asserting the same claims against U.S. Bank and Bank of the West. See Fed. R. Civ. P. 15(a)(2). The district court concluded that Anderson's response to the order to show cause was "inadequate" and his motion for leave to amend was "abandoned." The court denied the motion for leave to amend and dismissed the case with prejudice.

## II. Dismissal of Anderson's SAC

We review *de novo* the district court's dismissal for failure to state a claim under governing state law, taking the facts alleged in the SAC as true and drawing all reasonable inferences in Anderson's favor. See Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp., 951 F.3d 952, 955 (8th Cir. 2020). "In applying state law, we are bound to apply the law of the state as articulated by the state's highest court." Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, 621 F.3d 697, 707 (8th Cir. 2010). Here, no party contests the district court's conclusion that the Supreme Court of Nebraska's decision in Ryberg is controlling authority on the

---

[2]United States v. Bank of Am. Corp., 1:12-cv-00361 (D.D.C. Apr. 4, 2012).

-3-

critical question -- when should a court of equity "set aside a foreclosure sale conducted under a power of sale in a trust deed." 667 N.W.2d at 550.

The Nebraska Trust Deeds Act,[3] first enacted in 1965, "altered the landscape of real estate financing" by permitting foreclosure sales without the necessity of judicial proceedings, a change that "provide[d] lenders with a remedy for recovering collateral that is quicker and less expensive than judicial foreclosure." Ryberg, 667 N.W.2d at 552-53. In Ryberg, consistent with this purpose, the Court rejected a contention "that the use of the power of sale in a trust deed must strictly adhere to both the requirements of the Act and the trust deed's terms," because such a rule "would render that remedy unworkable [as] any error by the trustee, no matter how trivial, would void the sale." Id. at 553. Instead, consistent with decisions in other jurisdictions, the Court "recognized three categories of defects in a trustee's sale conducted under a power of sale in a trust deed: (1) those that render the sale void, (2) those that render the sale voidable, and (3) those that are inconsequential." Id. at 553. On appeal, Anderson argues the SAC stated a claim for relief because he alleged lender violations of federal requirements that rendered the Trustee's Sale voidable. When a defect renders a completed trustee's sale voidable, "bare legal title" passes to the purchaser, but an injured party "can have the sale set aside so long as the legal title has not moved to a bona fide purchaser." Id. at 554 (cleaned up). The issue on appeal is whether the violations Anderson alleged, if proved, were defects that rendered the Trustee's Sale voidable and therefore form the basis for equitable relief from the underlying foreclosure sale.

The Court in Ryberg addressed whether plaintiff Gilroy, who was an obligor on the foreclosed promissory note at issue, "established a defect in the [trustee's] sale that warrants setting the sale aside." Id. at 555. The Court concluded that the notice of default and a nine-day delay in the purchaser completing his foreclosure payment

---

[3]Neb. Rev. Stat. § 76-1001 *et seq.*

complied with the Act, and that his payment by personal check, though contrary to the terms of the trust deed, did not prejudice Gilroy. Accordingly, the Court held that Gilroy "failed to establish a prejudicial defect in the trustee's sale." Id. at 560.

Here, Anderson asserts that he is relying on Federal regulations that "require[] those servicing home loans to affirmatively undertake foreclosure avoidance protocols before going forward with foreclosures." Reply Brief of the Appellant at 6. He argues that Manard v. Williams, 952 S.W.2d 387 (Mo. App. 1997), a case cited in Ryberg, recognized that "relatively minor errors in the processes" can be "irregularities" that justify setting aside a trustee's sale. Brief of the Appellant at 20. Therefore, non-judicial foreclosures may be set aside if, as he alleged, the foreclosing lender failed to "observe each condition precedent" to foreclosure. Like the district court, we disagree.

As the district court recognized, the flaw in this argument is that Anderson's SAC does not allege that U.S. Bank lacked a right to exercise the trustee's power of sale, or that there was a defect in the sale itself. Rather, the alleged Federal law violations *as alleged in the SAC* all occurred "prior to the institution and maintenance of any foreclosure activity." Therefore, they were not "defects in the trustee's sale" within the meaning of Ryberg. Anderson misstates the decision in Manard, where the court in *declining to set aside* the foreclosure sale at issue, expressly stated that voidable defects are substantial irregularities that occur in the "*execution of* a foreclosure sale." 952 S.W.2d. at 392 (emphasis added). In Ryberg, the controlling authority, the Supreme Court of Nebraska quoted that specific passage, 667 N.W.2d at 554, and then crafted its own guidance for when a court of equity should set aside a completed foreclosure sale. We conclude the district court's resolution of this issue is consistent with that guidance:

> Broadly construing every potentially related contractual, statutory, and regulatory requirement as a "condition precedent" to an effective

foreclosure, as Anderson suggests, largely ignores Ryberg's materiality and prejudice requirements and would render non-judicial foreclosure "unworkable" as "a remedy for recovering collateral that is quicker and less expensive than judicial foreclosure." As the Ryberg Court put it, "[t]he resulting uncertainty and increased chance of litigation would deter bidders from participating at sales and lead lenders to choose judicial foreclosure."

Anderson v. Bank of the West, No. 8:20CV114, Mem. & Order, at 7-8 (D. Neb. July 22, 2020) (citations omitted).

### III. Denial of Anderson's Motion to Amend

Anderson further argues the district court improperly denied his motion for leave to file a Third Amended Complaint. He argues leave to amend was warranted under the liberal standard that courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, it is well established, at least in this circuit, that when a motion for leave to amend is filed after a complaint is dismissed, "interests of finality dictate that leave to amend should be less freely available." U.S. ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009).

A court does not abuse its discretion in denying a motion for leave to amend when there are "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (cleaned up). Reviewing the denial of leave to amend for abuse of discretion and the issue of futility *de novo, w*e agree with the district court that multiple "compelling reasons" justified denying Anderson's motion.

-6-

First, the motion was procedurally defaulted. Anderson's initial request to file an amended complaint was a "passing mention" in his opposition to U.S. Bank's motion to dismiss that failed to comply with Federal Rule of Civil Procedure 7(b)(1) and District of Nebraska Local Civil Rule 7.1(a)(1)(a). When he finally filed a Rule 15 motion for leave to amend, it was untimely and failed to include a supporting brief, as the Local Rule required. See id. Therefore, the district court did not abuse its discretion in concluding that, given Anderson's "repeated failure to follow the local rules," he "abandoned his motion for leave to amend."

Second, we agree with the district court that granting leave to amend would be futile because the proposed TAC relied on the same claims for setting aside the foreclosure sale based on non-compliance with "conditions precedent" that had been rejected in both state and federal court. "Futility constitutes a valid reason for denial of a motion to amend." Ryan v. Ryan, 889 F.3d 499, 508 (8th Cir. 2018) (quotation omitted). As the district court observed, Anderson "has never adequately addressed . . . the Court's rejection of [his] expansive reading of [Ryberg]."

The Judgment of the district court is affirmed.

_____