# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 23-3154

———————————————

Christopher K. Spates

*Plaintiff - Appellee*

v.

George A. Lombardi, MO DOC Director; John Doe 1, CO I; John Doe 2, Housing
Unit 2 Sergeant; Michael Bowersox, Warden

*Defendant*s

Charles Reese; Robert Turner; John Machino

*Defendants - Appellants*

———————

Appeal from United States District Court
for the Western District of Missouri - Springfield

———————

Submitted: April 10, 2024
Filed: July 26, 2024
[Unpublished]

———————

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

———————

PER CURIAM.

Christopher Spates, an inmate at the South Central Correctional Center in Licking, Missouri, sued correctional officers[1] Charles Reese, Robert Turner, and John Machino (collectively, the "defendants") under 42 U.S.C. § 1983 for facilitating an attack against him by another inmate. The attack occurred on or around November 12, 2015. Spates filed his initial complaint on May 10, 2018, and an amended complaint on November 1, 2018. The defendants filed an answer to the amended complaint on November 16, 2018. The answer did not assert the statute of limitations as an affirmative defense.

The district court[2] issued a scheduling order requiring that the parties file any amended pleadings on or before August 25, 2020. After the deadline for amendment of pleadings had passed, Spates sought to file a second amended complaint to add a new defendant based upon additional discovery. With the district court's leave, Spates filed his second amended complaint on April 13, 2021. The defendants did not file a timely amended answer to the second amended complaint. *See* Fed. R. Civ. P. 15(a)(3). Instead, on September 3, 2021, the defendants filed a consent motion for leave to file an amended answer out of time and attached a proposed amended answer as an exhibit. The proposed amended answer did not assert a statute of limitations defense. The district court granted the motion.

On February 24, 2023, the defendants once more filed a motion to amend their answer and attached a proposed amended answer as an exhibit. The proposed amended answer asserted a statute of limitations defense. In their motion, the defendants stated that "[u]pon review of the case, Defense counsel has found an additional affirmative defense of statute of limitations." The district court denied the defendants' motion to amend after it concluded that allowing the defendants to

---

[1]The claims against George Lombardi, John Doe 1, John Doe 2, and Michael Bowersox were dismissed.

[2]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

raise a new affirmative defense just two months before trial, and nearly five years after Spates filed his initial complaint, would be prejudicial to Spates.

At trial, the defendants moved for judgment as a matter of law, asserting that Spates's action was barred by the statute of limitations. The district court stated that the defendants' failure to raise the statute of limitations defense until "late in the action [was] prejudicial to the plaintiff" and denied the defendants' motion. Ultimately, a jury found the defendants liable under § 1983 and awarded Spates $85,000 in compensatory damages and $140,000 in punitive damages. After trial, the defendants renewed their motion for judgment as a matter of law, but the district court denied the motion for the same reasons it had denied the motion at trial.

On appeal, the defendants assert that the district court erroneously denied their motion to amend their answer to include a statute of limitations defense. We review the district court's denial of the defendants' motion to amend for an abuse of discretion. *Anderson v. Bank of the West*, 23 F.4th 1056, 1061 (8th Cir. 2022). A district court acts within its discretion in denying an untimely motion to amend when the moving party "made no attempt to show good cause." *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014)

Federal Rule of Civil Procedure 8(c)(1) provides that "[i]n responding to a pleading, a party must affirmatively state any . . . affirmative defense." The failure to state an affirmative defense generally results in a waiver of that defense. *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). A party can avoid waiver of an affirmative defense by raising the defense "in the trial court in a manner that does not result in unfair surprise." *Id.* A party who seeks to avoid waiver by amending its answer outside of the time established by the court's scheduling order may do so only after showing "good cause." Fed. R. Civ. P. 16(b)(4); *see Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715-16 (8th Cir. 2008). "Good cause" is primarily measured by "the movant's diligence in attempting to meet the [scheduling] order's requirements." *Sherman*, 532 F.3d at 716. The moving party has failed to show "good cause" when "there has been no

change in the law, no newly discovered facts, or any other changed circumstance after the scheduling deadline for amended pleadings." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (internal quotation marks omitted).

The defendants sought to amend their answer to include a statute of limitations defense on February 24, 2023. Because the deadline for the amendment of pleadings had passed thirty months prior, the defendants were required to show "good cause" pursuant to Federal Rule of Civil Procedure 16(b).[3] In their motion to amend their answer, the defendants stated only that "[u]pon review of the case, Defense counsel has found an additional affirmative defense of statute of limitations." Aside from this conclusory statement, the defendants did not provide any justification for their failure to assert earlier a statute of limitations defense. The defendants did not point to a "change in the law, . . . newly discovered facts, or any other changed circumstance [that] made the [statute of limitations] defense more viable after the scheduling deadline for amending pleadings." *Sherman*, 532 F.3d at 718. Given the absence of good cause, we conclude that the district court did not abuse its discretion in denying the defendants' motion to amend their answer. *See Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (concluding that the district court acted within its discretion in denying a motion to amend the complaint when the plaintiff provided "no reason why [the amendment] could not have" been made earlier).

In an attempt to avoid waiver of the statute of limitations defense, the defendants contend that they tried the defense by implied consent under Federal Rule of Civil Procedure 15(b)(2). Rule 15(b)(2) provides that, "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated

---

[3]The defendants contend that Spates waived his argument that the defendants failed to show "good cause" under Rule 16 because Spates did not mention Rule 16 in opposition to the defendant's motion to amend their answer. Spates may not have mentioned Rule 16 by name, but he argued to the district court that the defendants had not provided any justification for their failure to raise earlier a statute of limitations defense. Thus, we conclude that Spates did not waive his "good cause" argument.

in all respects as if raised in the pleadings." A party implicitly consents to the trying of a defense "if evidence to support [the defense] was introduced at trial without objection." *Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 908 F.3d 313, 342 (8th Cir. 2018). Here, the defendants failed to introduce any evidence at trial in support of a statute of limitations defense. The defendants imply that their arguments in support of their motion for judgment as a matter of law are evidence, but the statements and arguments of counsel are not evidence. *See United States v. Hernandez*, 779 F.2d 456, 458 (8th Cir. 1985). We conclude that the defendants did not try the statute of limitations defense by implied consent.

Accordingly, we affirm the judgment of the district court.

_____